■ ALBERT F. MULLIGAN, Doing Business as MULLIGAN TRENCHING SERVICE, et al., Appellants, v. E. DENT LACKEY et al., Constituting the Niagara Falls Urban Renewal Agency, et al., Respondents.— Judgment and order affirmed, with costs. Memorandum: When this article 78 proceeding was before us previously (33 A D 2d 991) we directed that answers be filed and ordered that a trial of the issues be had forthwith. This has been accomplished and the substantive issues are now before us for review. Appellant's contention that the award of the contract to respondent Albert Elia Building Company, Inc., on October 28, 1969 was in violation of section 801 of the General Municipal Law, finds no support in the record. When an earlier contract was awarded

on August 28, 1969, Fred Sebastian who was an officer of the successful bidder, was also a member of the respondent Urban Renewal Agency. As a consequence the contract was voided and when the present contract was offered for bid and let, he was no longer a member of the agency and, of course, had no powers or duties with respect to the award of the contract. Of compelling significance is the fact that the contract under consideration so substantially differs from the one let in August that there can be no question of the inapplicability of the prohibition contained in section 801 of the General Municipal Law. Of major consequence and interest are such changes between the two contracts as (1) a requirement that the contract be completed within 150 days instead of the former 180 days (together with a $500 per day penalty for any delay), (2) a change in the "influence line" of an adjacent building requiring additionally delicate blasting operations and the encasement in concrete of 145 feet of 36-inch pipe, not previously necessary, (3) changes in quantities of at least 16 items, (4) an increase in wage rates payable under the new contract and (5) a substantial change in the amount to be paid under the contract. It cannot be thus said that Sebastian's former position on the agency, which terminated well prior to the letting of this second contract, created any conflict of interest proscribed by the section (General Municipal Law, § 801). We conclude, therefore, that the record clearly supports the determination presented for review, and, upon the sole ground and reason herein assigned, we affirm the judgment dismissing the petition. All concur, Witmer, J. in result only. (Appeal from judgment and order of Niagara Trial Term, dismissing petition to annul awarding of contract.) Present — Del Vecchio, J. P., Witmer, Gabrielli and Henry, JJ.