In the Matter of WALTER J. COATES, Respondent, v GORDON M. AMBACH, as Acting Commissioner of Education of the State of New York, et al., Appellants.

Third Department, May 27, 1976

*Robert D. Stone (Louis H. J. Welch* of counsel), for Gordon M. Ambach, appellant.

*William Goldman* for Board of Education, appellant.

*Hinman, Straub, Pigors & Manning (Stephen M. Cleary* of counsel), for respondent.

SWEENEY, J. Petitioner was appointed by respondent Board of Education as administrative assistant-instruction on June 29, 1970, effective July 1, 1970, for which he was paid one half from Federal funds and one half from the general funds of the district. Petitioner held that position until July 15, 1971 when he was appointed assistant superintendent for business. He was paid for services rendered in that position from the district's general funds only. His services were terminated in August of 1973, effective October 12, 1973. Alleging that he had gained tenure by estoppel, petitioner appealed his termination to the Commissioner of Education. Respondent dismissed the appeal, holding that since petitioner did not serve continuously for more than a three-year period in similar positions with substantially similar duties, he was not entitled to tenure. He determined that more than 50% of petitioner's time as assistant superintendent for business was spent in duties other than those performed by him as administrative assistant-instruction. Thereafter, petitioner instituted this article 78 proceeding seeking to annul respondent's determination as arbitrary, capricious and contrary to law. Special Term annulled the determination, finding that the two positions entailed the same types of duties and skills and were, thus, in the same category or level within the same tenure area. Judgment was granted to petitioner that he was entitled to tenure as an assistant superintendent effective June 29, 1973. This appeal ensued.

Our review under section 310 of the Education Law is markedly limited. The court may overturn the commissioner's

decisions only where they are purely arbitrary *(Matter of Union Free School Dist. No. 2 of Town of Cheektowaga v Nyquist,* 38 NY2d 137). As for teachers under tenure statutes, grade level tenure areas and special subject tenure areas have been used and received judicial recognition. Any radical restructuring of such areas should be prospective in effect and pursuant to standards propounded by the Board of Regents or the Legislature *(Matter of Baer v Nyquist,* 34 NY2d 291, 294). Special Term relied largely on *Baer* in reaching its decision that petitioner's tenure area should include both positions. That case involved a teacher who switched from general science to social studies in the middle of his three-year probationary period; the board of education had designated the teaching of social studies a different tenure area than that of general science on a vertical line basis. The Court of Appeals held that although vertical tenure areas are not necessarily unwise policy or precluded by statute, they should be carefully implemented prospectively by the Board of Regents or the Legislature, and not created by administrative action at the school district level. Special Term reasoned that respondent's determination in the present case sanctioned a practice expressly condemned in the *Baer* case. We do not agree.

As for administrative and supervisory personnel, while the same statute governed the power to appoint and grant tenure at the time of petitioner's appointment as administrative assistant-instruction (Education Law, §§ 2509, 3012, 3013), we find no decisional law applying the same concept of "area tenure" thereto. The practical construction of the Education Law by the commissioner is entitled to great weight *(Matter of Lezette v Board of Educ., Hudson City School Dist.,* 35 NY2d 272, 281; *Matter of Silver v Board of Educ. of West Canada Val. Cent. School Dist., Newport,* 46 AD2d 427, 430). We note several past decisions of the commissioner which hold that when an individual is transferred to a new administrative or supervisory position he will be considered in a new tenure area if he devotes more than 50% of his time to new or different duties *(Matter of Farrand,* 13 Ed Dept Rep 72; *Matter of Bernreuther,* 9 Ed Dept Rep 69; *Matter of Angel,* 3 Ed Dept Rep 238). While the commissioner has determined that the transferee's new duties need not be coextensive with his old duties, he will not be considered transferred outside his tenure area if he is not asked to perform duties which could not have been assigned to him had he remained in the old

position. *(Matter of Angelos,* 14 Ed Dept Rep 254; *Matter of Popnick,* 12 Ed Dept Rep 255.)

In our opinion the present record supports respondent's determination that petitioner's duties as assistant superintendent for business were not similar to those performed as administrative assistant-instruction and that more than 50% of his time as assistant superintendent for business was spent in duties other than those performed by him as administrative assistant-instruction. The record further reveals that petitioner's new duties were not of the type which he could have been expected to perform in his old position. Consequently, we do not feel that it was arbitrary for respondent to conclude that when petitioner was appointed assistant superintendent for business he entered a new tenure area. Since he was terminated prior to completing a three-year probationary period in such position, he is not entitled to tenure. Moreover, since tenure for administrators had been abolished by the Legislature as of May 9, 1971 (L 1971, ch 116), at the time of his appointment as assistant superintendent for business on July 15, 1971, he could not acquire tenure in that position. We find no evidence in this record of any radical restructuring of tenure areas such as was condemned by the Court of Appeals in *Baer.*

The judgment should be reversed, on the law, and the petition dismissed, without costs.

GREENBLOTT, J. P., MAIN, LARKIN and REYNOLDS, JJ., concur.

Judgment reversed, on the law, and petition dismissed, without costs.