■ In the Matter of DANIEL CHAZANOFF, Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF ROCHESTER, Respondent.— Judgment unanimously affirmed, without costs. Memorandum: Petitioner was first employed by respondent on June 18, 1964 as a senior consultant in music. The correspondence between the parties and the job description in existence at that time make it clear that he was employed to supervise instrumental music in the Rochester school system. Despite numerous salary and title changes since his employment, he has continued to perform the same duties. In April, 1976 he was advised that for budgetary reasons his position would be abolished, effective July 1, 1976 and on May 21, 1976 he was terminated, effective July 1, 1976. At the time petitioner's job was abolished and for some time prior thereto, respondent also employed a consultant, music, who was in charge of the vocal music program. Both the instrumental and vocal music positions are supervisory. Petitioner has seniority over the incumbent supervisor of vocal music. He claims that the two jobs are the same, that as the senior employee he is entitled to the vocal music position and that the school board unlawfully divided the supervisory positions in the music department into separate tenure areas. He, therefore, demands reinstatement as consultant, music (vocal) (see Education Law, §§ 2510, 2585). The school board points out that the re-employment rights guaranteed to tenured teachers by the Education Law are limited to positions within the same tenure area. It maintains that the vocal and instrumental music properly may be divided into separate tenure areas. A review of the job descriptions and responsibilities make it clear that the qualifications and salaries of the two positions are substantially different. The Commissioner of Education has approved separate tenure areas for instrumental and vocal supervisors *(Matter of Harding,* 10 Ed Dept Rep 129), and the Court of Appeals has affirmed the holding that the area tenure requirements set forth in *Matter of Baer v Nyquist* (34 NY2d 291) need not be applied to administrative or supervisory personnel *(Matter of Coates v Ambach,* 52 AD2d 261, affd on opn at App Div 42 NY2d 846). Accordingly, we find that respondent did not act arbitrarily or unlawfully in discharging petitioner when it abolished the job of senior consultant in instrumental music. (Appeal from judgment of Monroe Supreme Court—article 78.) Present—Moule, J. P., Cardamone, Simons and Dillon JJ.