■ HARRIET GREENSPAN, Appellant, v DUTCHESS COUNTY BOARD OF COOPERATIVE EDUCATIONAL SERVICES et al., Respondents. — In a CPLR article 78 proceeding to compel the respondent Dutchess County Board of Cooperative Educational Services to reassign petitioner, the former co-ordinator of pupil services, to one of five alternative specified positions of employment, petitioner appeals from a judgment of the Supreme Court, Dutchess County (Hawkins, J.), dated August 31, 1981, which dismissed the petition. Judgment reversed, on the law, without costs or disbursements, petition reinstated and matter remitted to the Supreme Court, Dutchess County, for a hearing in accordance herewith. The hearing shall be held with all convenient speed. Petitioner was first employed by the respondent board on August 16, 1971 as a teacher of persons with learning disabilities. She received tenure in that position on April 4, 1974. On or about June 16, 1974, she was appointed to the administrative position of co-ordinator of pupil personnel and received tenure in that position on or about June 26, 1977. On August 1, 1978, petitioner's title was changed to co-ordinator of pupil services without any change in tenure area or seniority. On or about August 2, 1974, the respondent board created the administrative position of optional education resource person and respondent Mengle was assigned to that position. The title of that position was changed to co-ordinator of special projects on August 24, 1977 and Mengle was granted tenure in such position on that date. On or about January 1, 1978, the respondent board created the position of co-ordinator of programs for the handicapped and it appointed respondent Van Benschoten to that position. On or about June 18, 1980, the respondent board abolished petitioner's position as co-ordinator of pupil services, effective July 31, 1980, and she was discharged from the employ of the district. Also, on or about June 18, 1980, the respondent board created three new positions, effective August 1, 1980, one full-time position as principal of special education, and two part-time positions, namely, co-ordinator of speech, language and hearing impaired, and co-ordinator of psychologists and social workers. Petitioner, on or about June 20, 1980, notified the district superintendent that she claimed entitlement to each of said new positions pursuant to section 2510 of the Education Law because the "position and duties are similar requiring the same knowledge, skills, abilities and experience which I now possess by virtue of my employment in BOCES Dutchess County [and my] tenure and seniority also require that I be given this position". On or about October 14, 1980, petitioner commenced the instant proceeding seeking reassignment pursuant to subdivision 2 of section 2510 of the Education Law to the position of co-ordinator of special projects, effective August 1, 1980, or, in the alternative, assignment to the position of co-ordinator of programs for the handicapped, effective August 1, 1980. In the event of denial of her claim to such entitlement, petitioner sought, pursuant to subdivision 1 of section 2510 of the Education Law, alternative assignment to one of the three newly created positions. Special Term dismissed the petition holding that the positions claimed by petitioner neither fell into the same tenure area as the position formerly held by her, nor involved duties similar to those previously performed by her, and thus her statutory rights were not infringed upon. Petitioner contends that Special Term erroneously applied a "similarity" test as the sole means for determining whether her abolished position of co-ordinator of pupil services was in the same tenure area as the positions of co-ordinator of programs for the handicapped, to which respondent Van Benschoten was appointed, and that of co-ordinator of special projects, to which respondent Mengle was appointed. It is her position that the similarity of duties criterion has no application to her administrative tenure area, and that such test unconstitutionally subverts the purpose of subdivision 2 of section 2510 of the Education Law, which provides: "Whenever a board of

education abolishes a position under this chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued". As to the constitutional issue, it was not raised at Special Term and cannot therefore be raised on this appeal (*Di Bella v Di Bella,* 47 NY2d 828; *Matter of Belgrave v Ward,* 72 AD2d 898). Before Special Term petitioner only argued that her former position was similar to the positions she now seeks, and, thus, it must be deemed to be in the same tenure area. Now, however, for the first time, petitioner asserts that tenure areas cannot be determined solely by examining similarity of positions. This argument is without merit. Administrative tenure areas can be defined according to the similarity of duties and skills entailed in respective positions (cf. *Matter of Coates v Ambach,* 52 AD2d 261, affd 42 NY2d 846; *Matter of Chazanoff v Board of Educ.,* 58 AD2d 1002). Petitioner further contends that her former position and the positions of co-ordinator of programs for the handicapped and co-ordinator of special projects were in the same tenure area by virtue of 8 NYCRR 30.8 (a) (7), and, since she had seniority, one of said co-ordinators had to be displaced to make a position available to her. This argument also lacks merit. 8 NYCRR 30.8 (a) (7) pertains to the special subject tenure area and, in the main, deals with instruction of the handicapped and those with learning disabilities. The rule specifically deals with tenure areas for a "professional educator", defined as a person who devotes a "substantial portion of his time to instruction". The practical construction of the Education Law by the Commissioner of Education is entitled to great weight (*Matter of Lezette v Board of Educ.,* 35 NY2d 272, 281; *Matter of Coates v Ambach,* 52 AD2d 261, 263, affd 42 NY2d 846, *supra*). The commissioner has held that part 30 of the Rules of the Board of Regents is not applicable to administrative or supervisory appointments, and that no supervisory or administrative tenure areas were defined or created therein (*Matter of Moore,* 15 Ed Dept Rep 475, 477). Consequently, petitioner cannot rely on section 30.8 to establish entitlement to either the position of co-ordinator of programs for the handicapped or co-ordinator of special projects. As an alternative to the relief requested under subdivision 2 of section 2510 of the Education Law, petitioner also claims that the three newly created positions of principal of special education, co-ordinator of speech, language and hearing impaired, and co-ordinator of psychologists and social workers are similar, within the meaning of subdivision 1 of section 2510 of the Education Law, to her former position of co-ordinator of pupil services. She argues that she was entitled to a hearing to determine to which, if any, of these positions she should have been appointed. Subdivision 1 of section 2510 of the Education Law states that: "If the board of education abolishes an office or position and creates another office or position for the performance of duties similar to those performed in the office or position abolished, the person filling such office or position at the time of its abolishment shall be appointed to the office or position thus created without reduction in salary or increment, provided the record of such person has been one of faithful, competent service in the office or position he has filled". The respondent board concedes that the similarity of duties test is the criterion for appointment under subdivision 1 of section 2510, but claims that the duties and responsibilities under the new positions are much broader in scope, entailing highly specialized areas of education, and the petitioner lacks the qualifications or certification to teach within those areas. The law is clear that the petitioner is entitled to appointment to one of the new positions only if the duties of that position are similar to the duties of her former position. The test of whether the duties of the two positions are in fact similar is whether more than 50% of the functions to be performed by the incumbent of the new position are those which were performed by the petitioner in her old position (*Matter of*

*Coates v Ambach,* 52 AD2d 261, affd 42 NY2d 846, *supra; Matter of Farrand,* 13 Ed Dept Rep 72; *Matter of Evans,* 10 Ed Dept Rep 156, 157). After an examination of the pleadings, affidavits and exhibits submitted, we conclude that there are triable issues of fact as to the similarities of the duties and responsibilities of petitioner's abolished position with those of the job descriptions, duties, and responsibilities of the three newly created positions, pursuant to subdivision 1 of section 2510 of the Education Law. Furthermore, since there are no clearly defined guidelines for determining· the parameters of administrative and supervisory tenure areas (*Matter of Coates v Ambach, supra; Matter of Parsons,* 16 Ed Dept Rep 134; *Matter of Falanga,* 17 Ed Dept Rep 267, 268), triable issues of fact are presented as to whether under subdivision 2 of section 2510 of the Education Law, based upon the similarity of duties test, the positions of co-ordinator of programs for the handicapped and co-ordinator of special projects, were in the same or in distinct and separate tenure areas with petitioner's former position of co-ordinator of pupil services. Therefore, the proceeding is remitted to the Supreme Court, Dutchess County, for a trial of the issues (CPLR 7804, subd [h]). The matter should be given immediate preferred calendar scheduling (*Mulligan v Lackey,* 34 AD2d 732, 733). Mollen, P. J., Lazer, Weinstein and Rubin, JJ., concur.