■ In the Matter of WILLIAM COWAN, Appellant, v BOARD OF EDUCATION OF THE BRENTWOOD UNION FREE SCHOOL DISTRICT et al., Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia*, to compel respondents to appoint petitioner to a vacant position as an elementary school principal in

charge of an elementary school building, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Jaspan, J.), dated September 29, 1982, which dismissed the proceeding on the merits. Judgment reversed, on the law, with costs, petition granted to the extent that respondents are directed to appoint petitioner to the position of principal in charge of the North Elementary School, or any other elementary school where a vacancy for a principal occurs, effective July 1, 1984, and proceeding otherwise dismissed on the merits. Petitioner served as a tenured elementary principal until June 30, 1980 when he was excessed and placed on a preferred eligibility list for the position of elementary principal. Effective July 1, 1980, petitioner was appointed to the position of assistant to the director of special education on the elementary level, for which he was required to serve a new three-year probationary term. In February, 1982, the superintendent of schools informed petitioner that, by reason of the expected retirement of the principal of the North Elementary School, there would be a vacancy in the elementary principal tenure area, effective July 1, 1982, and that, since petitioner was the first person on the preferred eligibility list for this tenure area, there was a possibility that he could receive an appointment to this position. By letter dated March 31, 1982, the superintendent advised petitioner that he would recommend to the board of education that petitioner be restored to the tenure area of elementary principal, effective July 1, 1982, with all of the attendant rights of seniority and salary. The superintendent stated, however, that he would not recommend that petitioner be reinstated to the position of a principal in charge of an elementary school but, rather, that petitioner would be assigned to serve as an "elementary principal on special assignment servicing special education at the elementary level" and would continue to be responsible to the director of special education. On April 27, 1982, the board of education adopted a resolution, in accordance with the recommendations of the superintendent, restoring petitioner to the tenure area of elementary principal, effective July 1, 1982, but assigning him to supervise special education on the elementary level under the direction of the director of special education. Another individual was appointed to the vacant position of principal in charge of an elementary school building. According to the director of special education, petitioner's duties and responsibilities in the special education area remained the same after he was restored to the elementary principal tenure area. We agree with petitioner that respondents unlawfully required him to perform duties and responsibilities outside of his tenure area when they involuntarily assigned him to serve on special assignment in the special education area after restoring him to his original tenure area of elementary principal. Although the regulations concerning tenure areas for teachers are not applicable to school administrators (see *Matter of Coates v Ambach,* 52 AD2d 261, affd 42 NY2d 846), this court has recognized the strong policy considerations favoring safeguarding the tenure rights of school administrators and preventing attempts by school districts to manipulate the requirements for tenure and the responsibilities associated with various positions, in derogation of the tenure rights of incumbent administrators (see *Matter of Weimer v Board of Educ.,* 76 AD2d 1046). Respondents' attempt to assign petitioner duties in the special education tenure area after restoring him to the elementary principal tenure area is in direct contravention of the evidence that the school district has always recognized the position of assistant to the director of special education as part of a tenure area separate and distinct from that of an elementary principal. Petitioner received a new probationary appointment in the tenure area of assistant to the director of special education (elementary) when he first began his work in special education as of July, 1980. His counterpart who supervises special education on the secondary level

has been awarded tenure as an assistant to the director of special education on the secondary level. Recent decisions by the Commissioner of Education have concluded that a school district may not restructure existing historically recognized tenure areas in a manner that deprives an existing administrator of his tenure rights by transferring him involuntarily to a position outside of the area in which he was granted tenure (see *Matter of Zamek,* 19 Ed Dept Rep 77; *Matter of Durso,* 19 Ed Dept Rep 72; cf. *Matter of Kelley,* 19 Ed Dept Rep 499, affd *sub nom. Matter of Kelley v Ambach,* 83 AD2d 733). Deference must be accorded to the determinations of the Commissioner of Education in areas of his expertise (see *Matter of Kelley v Ambach, supra*). Special Term placed primary reliance upon one of the standards used by the Commissioner of Education for delineating administrative tenure areas, which was cited with ·approval by the court in *Matter of Coates v Ambach* (52 AD2d 261, 263, *supra*), i.e., an administrator will be considered to be in a different tenure area if he is transferred to a new position in which he devotes more than 50% of his time to duties which are different from those he performed in his former position. Special Term concluded that the positions of assistant to the director of special education for the elementary level and elementary principal were, in fact, in the same tenure area, despite the differences in title and salary, by crediting the evidence presented by respondents that an assistant to the director of special education spends more than half of his time performing functions similar to those of an elementary principal. These functions include implementation of the educational curriculum and supervision and evaluation of teachers. We hold, however, that Special Term erred when it rigidly applied a standard involving the comparison of the bare functions of the two administrative positions to credit respondents' assertion that these positions were in the same tenure area. Decisions by the courts and the Commissioner of Education have employed other standards for determining the similarity of administrative positions and delineating administrative tenure areas, emphasizing the kind, quality and breadth of the responsibilities associated with the position (see *Matter of Bork v City School Dist.,* 60 AD2d 13, mot for lv to app den 44 NY2d 647; *Matter of Chazanoff v Board of Educ.,* 58 AD2d 1002; *Matter of Abeles,* 18 Ed Dept Rep 521; *Matter of Falanga,* 17 Ed Dept Rep 267; *Matter of Plesent,* 16 Ed Dept Rep 348). The standards employed in the above decisions are particularly applicable to the factual situation at bar. The major differences between the substantive nature and breadth of the responsibilities of the assistant to the director of special education, and those of the elementary principal, support the conclusion that those positions are, indeed, in different tenure areas. Most significantly, the assistant to the director of special education exercises responsibilities limited to his program area, focusing on the remedial needs of certain groups of students in accordance with Federal and State law, on a district-wide basis, while the responsibilities of an elementary principal are more general, and are limited to one school. We note briefly that there is no merit to respondents' contention that this proceeding is barred by the failure of petitioner to timely file a notice of claim pursuant to section 3813 of the Education Law. We have previously held that the notice of claim requirement is inapplicable to cases which seek to vindicate tenure rights which are legal rights guaranteed by State law and in the public interest (see *Matter of Piaggone v Board of Educ.,* 92 AD2d 106, 108; *Matter of De Paoli v Board of Educ.,* 92 AD2d 894; *Matter of Pulver v Board of Educ.,* 80 AD2d 833; cf. *Mills v County of Monroe,* 59 NY2d 307). Furthermore, the service of the petition less than one month after the challenged action by the board of education is sufficient to comply with the time limits for a notice of claim (see *Matter of Feinberg v Board of Educ.,* 78 AD2d 889). To minimize the disruption to the school district, we have ordered respondents to appoint

petitioner to the position of principal of the North Elementary School, the position he was denied in June, 1982, or any equivalent position as an elementary school principal which becomes vacant, effective July 1, 1984. Finally, we reject petitioner's contention that he is entitled to an award of attorney's fees pursuant to the Federal Civil Rights Attorney's Fees Awards Act of 1976 (US Code, tit 42, § 1988), as we conclude that he cannot be considered a "prevailing party" in an action brought pursuant to section 1983 of title 42 of the United States Code. Although the petition contains a nominal claim that "respondents have wrongfully deprived petitioner of his constitutionally protected property right to his employment", the actual thrust of petitioner's assertions is based upon State law and the State-created and regulated area of tenure for school administrators, rather than alleged violations of his Federal constitutional right to due process of law. There is a line of · United States Supreme Court decisions which conclude that the due process clause may be applied to protect tenured school employees with a "legitimate claim of entitlement" to their positions, based upon State law, from dismissal without due process (see, e.g., *Board of Regents v Roth*, 408 US 564, 577; *Perry v Sindermann*, 408 US 593). The gravamen of petitioner's allegations at bar, however, is not that he was dismissed from his position without due process, but rather, that he was illegally assigned to perform duties in violation of State law and State-created tenure rights. Thus, we cannot conclude that the essence of petitioner's claim is that respondents deprived him of "any rights, privileges, or immunities secured by the [Federal] Constitution and laws" which would allow him to maintain a cause of action pursuant to section 1983 of title 42 of the United States Code. Indeed, this court is able to accord petitioner complete relief, based upon his State causes of action, without having to reach his nominal constitutional claim. We are not unmindful of the recent line of decisions from this court authorizing awards of attorney's fees pursuant to section 1988 of title 42 of the United States Code for successful challenges to violations of Federal laws or Federally mandated regulations relating to public assistance programs (see *Matter of Haussman v Kirby*, 96 AD2d 244; *Matter of Rahmey v Blum*, 95 AD2d 294; cf. *Maine v Thiboutot*, 448 US 1). In contrast, the instant case is grounded almost totally in State law and the attendant policy considerations. Therefore, we deem it unwise from both a legal and policy standpoint to extend the provisions of section 1988 of title 42 of the United States Code to cases such as this one. Mollen, P. J., Titone, O'Connor and Weinstein, JJ., concur.