■ SUSAN HOGER, Respondent, v ROBERT THOMANN et al., Appellants.—Yesawich Jr., J. Appeal from an order of the Supreme Court (Harris, J.), entered February 3, 1992 in Ulster County, which, *inter alia,* denied defendants' motion to dismiss the second complaint for failure to timely serve a notice of claim.

On April 19, 1991 plaintiff, employed as a school social worker on a probationary basis, attempted, by service of a summons and verified complaint, to commence an action against her employer, defendant Ulster County Board of Coop-

erative Educational Services (hereinafter BOCES), and defendant Robert Thomann, her supervisor, charging sexual discrimination. While defendants' motion to dismiss this complaint for failure to comply with the notice of claim requirements of Education Law § 3813 was pending, plaintiff served a notice of claim and also cross-moved to amend her complaint to allege such service.

On June 7, 1991 plaintiff served a second notice of claim on defendants, and on August 14, 1991 served a second complaint. Two weeks later, defendants moved to dismiss the second complaint because the first action was still pending and on the further ground that the second notice of claim had not been timely served. Supreme Court granted the motion to dismiss the first complaint for failure to comply with the notice of claim provision (which requires that the notice be served 30 days prior to service of a summons), and as a consequence found, with respect to the second action, that defendants' contention that another action was pending had been rendered moot. Defendants' motion to dismiss the second complaint was denied, prompting this appeal.

The essence of plaintiff's claim is that Thomann, her former supervisor, discriminated against her on the basis of sex in evaluating her work and that his adverse recommendation caused her to be terminated unjustly. She seeks reinstatement to her position and money damages. Initially, we note that the notice of claim requirement of Education Law § 3813 does apply to human rights actions brought, as here, pursuant to Executive Law § 296 *(see, Mills v County of Monroe,* 59 NY2d 307, *cert denied* 464 US 1018; *Baker v Board of Educ.,* 127 AD2d 967). Although the United States Supreme Court has recently interdicted application of such State requirements to Federal civil rights actions brought under 42 USC § 1983, this holding was based on preemption under the Supremacy Clause *(see, Felder v Casey,* 487 US 131, 134, 138) and thus overrules *Mills v County of Monroe (supra)* only with regard to Federal claims *(supra,* at 151). Although plaintiff urges us to extend the rationale of *Felder* to bar application of the notice of claim provision to State civil rights claims, this is a matter more properly placed before the Legislature.

Given the need to serve a timely notice of claim, defendants contend that because Thomann's final evaluation of plaintiff's work was made on February 5, 1991, her claim accrued on that date and, hence, the notice of claim is untimely. We are not persuaded.

It is undisputed that for the purposes of Education Law

§ 3813, a claim "accrues" when the damages are ascertainable *(see, Matter of Board of Educ. [Wager Constr. Corp.], 37 NY2d 283, 290; Eastern Envtl. Servs. v Brunswick Cent. School Dist., 187 AD2d 777, 778).* In the case at hand, the extent of plaintiff's damages could not be accurately assessed while the assertedly discriminatory acts were ongoing *(cf., State Div. of Human Rights v Marine Midland Bank, 87 AD2d 982, 983),* and those actions apparently continued for as long as Thomann remained plaintiff's supervisor. Furthermore, because BOCES' board could have rejected the recommendations it received, it was not until BOCES terminated plaintiff's employment that the impact of defendants' allegedly discriminatory conduct was ascertainable *(see, Scherman v Board of Educ., 44 AD2d 831, 832, affd 37 NY2d 839; Terrace Hotel Co. v State of New York, 19 AD2d 434, 436).* Prior to that time, any damages would have been merely speculative.

For these reasons, plaintiff's claim accrued when BOCES' board voted to terminate her on April 25, 1991. Accordingly, her notice of claim, filed June 7, 1991, was timely.

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.