876 F.Supp. 432 (1995)
Laile E. FAIRBAIRN, Plaintiff,
v.
BOARD OF EDUCATION OF SOUTH COUNTRY CENTRAL SCHOOL DISTRICT, Joseph A. Laria, as Superintendent of Schools and Individually; Mary Jo Farrell, as Principal of Grants/Special Projects and Individually; Harvey Palmore, as Assistant Principal of Bellport Middle School and Individually; James Banks, as Board Member and Individually; Mary Jane Cullen, as Board Member and Individually; George R. Eleazer, Jr., as Board Member and Individually; Elizabeth M. Gardner, as Board Member and Individually; Eleanor Mahoney, as Former Board Member and Individually; Joann Neal, as Board Member and Individually; William J. Sells, as Board Member and Individually; Sheldon Stiefeld, as Principal of Bellport Middle School and Individually; Kenneth D. Swaner, Jr., as Board Member and Individually; Marianne Tate, as Board Member and Individually; and Joseph P. Zaffuto, as Board Member and Individually, Defendants.
Civ. A. No. 92-CV-5382.
United States District Court, E.D. New York.
January 13, 1995.
*433 *434 *435 Lewis M. Wasserman, Patchogue, NY, for plaintiff.
Gareth W. Stewart, Santangelo, Santangelo & Cohen, New York City, for defendant.

MEMORANDUM AND ORDER
TRAGER, District Judge:
The plaintiff in this case, Laile E. Fairbairn, previously was employed as an assistant superintendent of schools for educational services by the defendant Board of Education of South Country Central School District ("Board"). Her job was eliminated on June 30, 1992, apparently for budgetary reasons. Fairbairn has contended that the Board authorized in August 1992 another position, administrative assistant to the superintendent, which covered many of the duties she had performed. This new position was given to another employee, Mary Jo Farrell, and plaintiff has asserted that Farrell de facto had been given the duties of administrative assistant to the superintendent in July 1992, before the post was created formerly in August 1992. Furthermore, around the time she had learned in the spring of 1992 that her job would be eliminated, Fairbairn also had applied for an open assistant principal position at Bellport Middle School, which was within the school district. That post was awarded to another school employee, Harvey Palmore.
Fairbairn brings this lawsuit under multiple employment discrimination and civil rights statutes to challenge these two employment decisions. She has moved for partial summary judgment on her claims for the administrative assistant post, and to strike defendants' affirmative defenses; and the defendants  the Board, its members, and other individuals sued both in their official and individual capacities  have moved for summary judgment. For the reasons set forth below, the court grants in part and denies in part both motions.

I. The Appointment of Farrell as Administrative Assistant to the Superintendent

A. Procedural Due Process

The law has been well-settled that an individual who had a property or liberty interest deprived by governmental action, was entitled to due process. Winston v. City of New York, 759 F.2d 242, 245 (2d Cir.1985). Indeed, defendants have conceded that Fairbairn had a property interest, as she had tenure, and she lost her job as a result of governmental action.
In count I of her amended complaint, Fairbairn claimed that she should have been provided a pre-termination hearing, and in count VIII she maintained that pursuant to New York Education Law § 2510, she had the right to succeed to the position of administrative assistant to the superintendent. In Education Law § 2510, New York has required that discharged teachers be placed on a preferred eligibility list for jobs that became available which were similar to their abolished posts. In two cases, DeSimone v. Bd. of Educ., 612 F.Supp. 1568 (E.D.N.Y. 1985), and Goldberg v. Bd. of Educ., 777 F.Supp. 1109 (E.D.N.Y.1991), the courts held that a school employee should have been provided a pre-termination hearing if there was an apparent possibility that a new post, created concurrently with the abolishment of an old post, was similar to the eliminated post.[1]
*436 Fairbairn claimed, accordingly, that she should have been provided the pre-termination hearing because school officials at the time should have been aware of the possible similarity between her terminated job, assistant superintendent of schools for educational services, and the post created de facto concurrently, administrative assistant to the superintendent. She has submitted a table which summarized the facial similarities between her old job and the new administrative assistant to the superintendent post.
After a review of the duties performed under each job, the court has concluded that plaintiff has demonstrated, in accordance with DeSimone and Goldberg, that the duties performed pursuant to the new administrative assistant job, possibly shared some similarity with the duties that Fairbairn had performed. However, plaintiff has not shown an absence of genuine dispute which would permit this court to grant her summary judgment on her claim that this new administrative assistant post was created concurrently with the abolishment of her former job, as insufficient evidence was submitted on the time Farrell began to perform the duties of the new post. Thus, the court denies summary judgment to plaintiff on her claim in count I for procedural due process.
Moreover, it should be noted that under Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), only nominal damages can be obtained under 42 U.S.C. § 1983 for a procedural breach if the decision itself was proper, unless the plaintiff suffered damages specifically caused by a procedural infirmity, as opposed to the loss of her job. Absent such evidence, thus, to recover compensatory damages under § 1983, assuming arguendo a procedural breach did occur, Fairbairn would have to show that the decision not to give her the job of administrative assistant to the superintendent was improper on substantive grounds; that is, she would have to prove that the two jobs were in fact similar as required by § 2510, see supra note 1, and that her right to the job superseded Farrell's. The Board has contended that Fairbairn has not met the test for similarity under § 2510, and that moreover, Farrell in any event has more tenure than Fairbairn. Because these two issues have been disputed, summary judgment will not be granted to either party on count VIII with respect to the propriety of the Board's judgment to not offer Fairbairn the new administrative assistant position.

B. Substantive Due Process

Plaintiff claimed in count II of her complaint that the Board's award of the administrative assistant post to Farrell, and not to her, violated her substantive due process rights. "Substantive due process protects individuals against government action that is arbitrary, ... conscience-shocking, ... or oppressive in a constitutional sense ... but not against government action that is `incorrect or ill-advised[.]'" Lowrance v. Achtyl, 20 F.3d 529, 537 (2d Cir.1994) (quoting Bishop v. Wood, 426 U.S. 341, 350, 96 S.Ct. 2074, 2080, 48 L.Ed.2d 684 (1976)). "Indeed, it is axiomatic that the doctrine of judicial restraint requires courts `to exercise the utmost care' when presented with a request to define or develop rights in this area." Local 342, Long Island Public Service Employees v. Town Bd. of the Town of Huntington, 31 F.3d 1191, 1196 (2d Cir.1994) (quoting Collins v. City of Harker Heights, 503 U.S. 115, 125, 112 S.Ct. 1061, 1068, 117 L.Ed.2d 261 (1992)).
At oral argument, plaintiff's attorney admitted that he could cite no authority in support of the claim that plaintiff's substantive due process rights were violated. The judgment made by the Board in this case, to award the administrative assistant post to another school employee, hardly amounted to arbitrary, conscience-shocking, or oppressive government action which possibly could support a substantive due process claim. Accordingly, count II is dismissed.

*437 II. The Appointment of Palmore as Assistant Principal

Fairbairn, a white female, has challenged the Board's appointment of Palmore, a black male, to the post of assistant principal of Bellport Middle School, on the grounds that it intentionally discriminated against her because of her race and sex. The amended complaint contained claims of race discrimination at count III (42 U.S.C. § 1981), count IV (equal protection), and Count IX (New York's Human Rights Law, codified at Executive Law §§ 290-301), and claims of sex discrimination at count V (equal protection), count VI (Title IX of the Education Amendments of 1972, codified at 20 U.S.C. §§ 1681-1688), count VII (Title VII), and count X (New York's Human Rights Law).
The burdens of proof and production which govern disparate treatment claims under Title VII, St. Mary's Honor Center v. Hicks, ___ U.S. ___, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), likewise are applicable to plaintiff's claims of employment discrimination under § 1981, id. at ___, 113 S.Ct. at 2747 n. 1 (citing Patterson v. McLean Credit Union, 491 U.S. 164, 186, 109 S.Ct. 2363, 2377, 105 L.Ed.2d 132 (1989)); the equal protection clause, Gutzwiller v. Fenik, 860 F.2d 1317, 1325 (6th Cir.1988) (sex), Riordan v. Kempiners, 831 F.2d 690, 695-96 (7th Cir. 1987) (sex), Daniels v. Bd. of Educ., 805 F.2d 203, 207 (6th Cir.1986) (race); New York's Human Rights Law, Tyler v. Bethlehem Steel Corp., 958 F.2d 1176, 1180 (2d Cir.), cert. denied, ___ U.S. ___, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992), Song v. Ives Laboratories, Inc., 957 F.2d 1041, 1046 (2d Cir.1992); and Title IX, Preston v. Virginia ex. rel. New River Community College, 31 F.3d 203, 206-07 (4th Cir.1994). Accordingly, Fairbairn initially was required to establish a prima facie case of discrimination, that (1) she belonged to a protected class, (2) she applied and was qualified for a job for which her employer sought applicants, (3) that despite her qualifications, she was rejected, and (4) that after rejection, the post remained open and the employer continued to seek applicants from persons of plaintiff's qualifications. Woods v. Friction Materials, Inc., 30 F.3d 255, 259 (1st Cir.1994); Sweeney v. Research Found. of the State Univ. of New York, 711 F.2d 1179, 1185 (2d Cir.1983).
Fairbairn was a member of a protected class, based both on her race and sex. McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 278-80, 96 S.Ct. 2574, 2577-78, 49 L.Ed.2d 493 (1976); Lucas v. Dole, 835 F.2d 532, 533-34 (4th Cir.1987), cert. denied, 494 U.S. 1026, 110 S.Ct. 1471, 108 L.Ed.2d 609 (1990); Kelly v. Am. Fed'n of Musicians' and Employers' Pension Welfare Fund, 602 F.Supp. 22, 24 n. 2 (S.D.N.Y.), aff'd, 795 F.2d 79 (2d Cir.1985). Furthermore, plaintiff, who possessed a Ph.D and as well had tenure as a principal, was qualified for the assistant principal position at Bellport Middle School. Thus, plaintiff has made out a prima facie case of discrimination.
Defendants then had the burden to articulate legitimate, non-discriminatory reasons for their employment decision. In a memorandum dated May 22, 1992, the middle school committee which interviewed the candidates for the assistant principal post, stated that Palmore was the committee's unanimous choice as he possessed a "broad cultural background that was needed at the middle school. He would be an excellent male role model for students." The committee also favored Palmore because he was viewed to have a better relationship with the faculty and students than Fairbairn, and that he was more effective with student discipline than Fairbairn.[2]
Although it is unclear what exactly the committee meant when it found that Palmore possessed a "broad cultural background," its *438 reliance on the fact that Palmore would be an excellent male role model, has, at a minimum, raised a material issue as to whether the judgment to hire Palmore, as opposed to Fairbairn, was based on impermissible, discriminatory reasons. In Hicks v. Dothan City Bd. of Educ., 814 F.Supp. 1044 (M.D.Ala.1993), the plaintiff was a white, female teacher, who claimed the school system passed her over for a principal position, in favor of a black male named Jones. The school board's personnel director claimed that he favored Jones because of his "experience ... in handling disciplinary problems," but also admitted that he relied on the fact that Jones would be a "black male role model[]." Id. at. 1047. In its decision to grant preliminary injunctive relief to the plaintiff, the court stated:
Hicks has presented evidence sufficient to show that an illegitimate criterion was a motivating factor in the school board's selection of Jones over her for the principalship at the Alternative School. Fain [the personnel director] admits that one criterion in recommending Jones was that Jones was "black and male" and that having a black male role model was desired. Although Fain stated that this criterion was not the major reason for recommending Jones, the court preliminarily finds that the criterion was a motivating factor in Fain's decision. Hicks's sex thus played, at least, a motivating role in the school board's rejection of her. The school board argues that having a black male role model would be beneficial for black male students. At this stage of the litigation, however, the school board has made no showing that such conscious, albeit perhaps benign, discrimination is permissible under Title VII and the fourteenth amendment. Indeed, for example, the Supreme Court has held that a perceived need for "minority role models" does not justify a school board's policy of extending to black teachers a preferential protection against layoffs. Wygant v. Jackson Board of Educ., 476 U.S. 267, 274-76, 106 S.Ct. 1842, 1847-48, 90 L.Ed.2d 260 (1986) (plurality opinion by Powell, J., joined by Burger, Rehnquist, and O'Connor, JJ.); id. at 294, 106 S.Ct. at 1858 (White, J., concurring in judgment). There is therefore a substantial likelihood that the court will find the school board liable under Title VII.
814 F.Supp. at 1048.
On a motion for summary judgment, the court does not find facts, but merely endeavors to determine whether material issues exist for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In light of the committee's memorandum, genuine and material issues have been raised as to whether the refusal to hire Fairbairn for the assistant principal post was founded on impermissible, discriminatory reasons. Compare Jatczak v. Ochburg, 540 F.Supp. 698 (E.D.Mich.1982) (court rejected defendants' claim that male role model was a bona fide occupational qualification for child care position) with Wygant v. Jackson Bd. of Educ., 476 U.S. 267, 315, 106 S.Ct. 1842, 1868, 90 L.Ed.2d 260 (1986) (Stevens, J., dissenting) ("In the context of public education, it is quite obvious that a school board may reasonably conclude that an integrated faculty will be able to provide benefits to the student body that could not be provided by an all-white, or nearly white faculty."). Accordingly, the court denies defendants' motion for summary judgment on plaintiff's claims that she was discriminated against when she was denied the assistant principal job.[3]

*439 CONCLUSION

The court denies plaintiff's motion for partial summary judgment, except it strikes the affirmative defenses defendants' asserted in their answer. Defendants' motion for summary judgment also is denied, except on count II of the amended complaint. The parties previously were notified that the trial will commence on March 20, 1995. Plaintiff's counsel shall forward his component of the pre-trial order to defendants' counsel by February 3, 1995; defendants' counsel shall provide plaintiff's counsel with his component by February 10, 1995; and the final pre-trial order shall be filed with a courtesy copy by February 17, 1995. Proposed jury charges shall be filed with a courtesy copy by March 12, 1995.[4]
SO ORDERED.
NOTES
[1] Under New York law, "`[t]he test of whether the duties of the two positions are in fact similar is whether more than 50% of the functions to be performed by the incumbent of the new position are those which were performed by the [plaintiff] in [the] old position.'" Goldberg, 777 F.Supp. at 1113 (quoting Greenspan v. Dutchess County Bd. of Cooperative Educ. Serv., 96 A.D.2d 1028, 466 N.Y.S.2d 430, 433 (App.Div.2d Dep't 1983)).
[2] Fairbairn has argued that in light of her doctorate, she was much more qualified than Palmore, who apparently only had a bachelor's degree. It is worthwhile to note, however, that "[t]he employer need not prove that the person promoted had superior objective qualifications, or that it made the wisest choice, but only that the reasons for the decision were nondiscriminatory." Davis v. State Univ. of New York, 802 F.2d 638, 641 (2d Cir.1986). Of course, plaintiff may argue that defendants' proffered reasons are pretextual based on her claim that she is better qualified. Patterson v. McLean Credit Union, 491 U.S. 164, 187-88, 109 S.Ct. 2363, 2378, 105 L.Ed.2d 132 (1989).
[3] Defendants also moved for summary judgment on the ground that plaintiff's notice of claim was untimely under the three month limitations period provided by New York Education Law § 3813. This argument is untenable. Defendants erroneously relied on the date plaintiff was notified of the middle school committee's decision to recommend Palmore for the post; the period began to run, however, not when the committee recommended Palmore to the Board, but when the Board itself made its judgment. Hoger v. Thomann, 189 A.D.2d 1048, 592 N.Y.S.2d 887 (App.Div.3d Dep't 1993).

Thus, the court grants plaintiff's request to strike the defendants' first, second, and ninth affirmative defenses, which concerned the timeliness of her notice of claim. Plaintiff also moved for summary judgment to strike defendants' other affirmative defenses, which concerned plaintiff's alleged failure to exhaust administrative remedies. Defendants did not oppose plaintiff's motion to strike these defenses, and accordingly, the court grants plaintiff summary judgment to strike defendants' affirmative defenses.
[4] Defendants' request for leave to amend their answer to assert the defense of qualified immunity, with respect to plaintiff's § 1983 claims, is granted. Moreover, the court notes, liability may not be based on the respondeat superior or vicarious liability doctrines. Monell v. Dep't of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).