■ In the Matter of ROSEMARY D. In the Matter of RALPH R. MARIE L., Appellant; ANGEL GUARDIAN HOME, Respondent. — Appeals from two orders of the Family Court, Kings County, both dated May 21, 1979, which, *inter alia,* permanently terminated appellant's parental rights and awarded custody of the children to the respondent for purposes of adoption. Orders affirmed, without costs or disbursements. In this case the Family Court received into evidence the entire case file of the respondent with respect to the children involved. As was noted in *Matter of Melanie Ruth JJ* (76 AD2d 1008, 1009), "the mere admission of the entire case file does not automatically warrant reversal. In those instances in which the entire case file is admitted,'fundamental fairness' will not be violated when a [natural parent] has an opportunity to examine the file, either prior to or during the trial *(Matter of Leon RR,* 48 NY2d 117, 123-124)." Such an opportunity has been afforded in this case. We have considered appellant's further points and have found them to be without merit. Accordingly, the orders are affirmed. Hopkins, J. P., Damiani, Lazer and Cohalan, JJ., concur.

■ In the Matter of STEWART FEINBERG, Individually and on Behalf of All Others Similarly Situated, et al., Petitioners, v BOARD OF EDUCATION OF THE EAST RAMAPO CENTRAL SCHOOL DISTRICT et al., Respondents, and BRUCE MORELAND et al., Appellants. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Board of Education of the East Ramapo Central School District, terminating petitioners from their positions as physical education teachers, the appeal is from so much of a judgment of the Supreme Court, Rockland County, dated May 9, 1979, as granted a motion by the board of education to dismiss the cross petition for failure to file a notice of claim. Appeal by movant Sovak dismissed for failure to perfect. Judgment reversed insofar as appealed from by the cross petitioners, without costs or disbursements, motion denied and cross petition reinstated. By their cross petition, four teachers, all of whom had once been credited by the Board of Education of the East Ramapo Central School District (board) with at least six years of "equated service", seek to annul a determination of the board which terminated their employment and to obtain reinstatement with back pay and related benefits. No monetary damages are sought apart from the back pay which is a natural concomitant of reinstatement to a previously held position. The cross petitioners did not serve upon the board the notice of claim prescribed in section 3813 of the Education Law. For this alleged omission, the board's motion to dismiss the cross petition was granted. Dismissal was error since the nature of the relief sought by the cross petitioners renders compliance with that section unnecessary. The notice of claim requirement contained in that section need not be complied with where the claimant seeks to "vindicate a public interest" *(Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.,* 35 NY2d 371, 380). Since the cross petitioners seek to establish or enforce tenure rights, they may be said to be seeking to vindicate a public interest, and the provisions of section 3813 are inapplicable to their proceeding (see *Matter of Gross v Board of Educ.,* 73 AD2d 949; *Matter of Tadken v Board of Educ.,* 65 AD2d 820, mot for lv to app den 46 NY2d 711). Even if the provisions of section 3813 were applicable to the cross petitioners' proceeding, we would hold that, under the particular circumstances of this case, the verified cross petition, served less than three months after the effective date of the termination of the cross petitioners' employment, constituted a notice of claim sufficient to comply with that section (see *Quintero v Long Is. R. R.,* 31 AD2d 844). Mollen, P. J., Mangano, Margett and Weinstein, JJ., concur.