■ In the Matter of BOARD OF EDUCATION OF WESTBURY UNION FREE SCHOOL DISTRICT, Respondent-Appellant, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Appellants-Respondents. — Cross appeals from a judgment of the Supreme Court at Special Term, entered February 14, 1980 in Albany County, which granted petitioner Board of Education of Westbury Union Free School District's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the respondent Commissioner of Education. Special Term concluded that in passing on respondent Shusterman's appeal to the Commissioner of Education, the latter acted arbitrarily in adopting, as his own, an arbitrator's award that the board of education had violated the parties' collective bargaining agreement respecting Shusterman's rate of pay, for the commissioner did not have before him the evidentiary material upon which the arbitrator had relied. We agree but add that since the bargaining agreement was not in evidence, and the commissioner had no hearing, we are unable to determine whether, as the board contends, Shusterman was required to comply with the provisions of section 3813 of the Education Law (cf. *Matter of Guilderland Cent. School Dist. [Guilderland Cent. Teachers Assn.],* 45 AD2d 85). But even if he was, his claim was timely for the arbitration proceeding was not binding but advisory only. Accordingly, the claim did not accrue until March 7, 1978 when the board refused to implement the arbitrator's recommendation. Within 30 days thereafter he petitioned the commissioner for relief. That petition, a copy of which was forwarded to the board, satisfied the time requirements of section 3813 of the Education Law and qualified as a notice of claim for it alerted the board to the nature of Shusterman's grievance in ample time to enable it to investigate *(Matter of Baker [Board of Educ.],* 309 NY 551, 557). We deem it inappropriate to consider Shusterman's claim, raised for the first time on this appeal, that the parties stipulated to be bound by the arbitration award *(Matter of Tipon v Appeals Bd. of Administrative Adjudication Bur., State of N.Y. Dept. of Motor Vehicles,* 52 AD2d 1065, mot for lv to app den 40 NY2d 806). Judgment affirmed, without costs. Sweeney, J.P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.