In the Matter of NANCY PIAGGONE, Appellant, v BOARD OF EDUCATION, FLORAL PARK-BELLROSE UNION FREE SCHOOL DISTRICT, Respondent.

Second Department, March 7, 1983

**APPEARANCES OF COUNSEL**

*James R. Sandner* (*Noel D. Cohen* of counsel), for appellant.

*Pelletreau & Pelletreau* (*Kevin A. Seaman* of counsel), for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

In this special proceeding pursuant to CPLR article 78, petitioner complains that she was reappointed to a part-time rather than full-time teaching position in violation of her tenure right established by section 2510 of the Education Law. The respondent Board of Education, Floral Park-Bellrose Union Free School District by motion objected, in point of law (CPLR 7804, subd [f]), that the petition was

untimely brought on February 1, 1982, approximately half a month after expiration of the applicable four-month limitation period fixed in CPLR 217. Special Term, characterizing the proceeding as one to "review" a determination of respondent made September 14, 1981, sustained the objection and dismissed the proceeding after rejecting petitioner's argument that her filing of a notice of claim under section 3813 of the Education Law tolled the period for 30 days.

Special Term erred. The distinction between an article 78 proceeding in the nature of mandamus to *compel* a body or officer to perform a duty enjoined upon it by law and an article 78 proceeding in the nature of certiorari or mandamus to *review* a determination of such body or officer, is plainly crucial under the language of CPLR 217 in fixing the accrual date from which the four-month period runs. CPLR 217 states in relevant part that: "a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner * * * or after the respondent's refusal, upon the demand of the petitioner * * * to perform its duty".

The record in this case shows that petitioner was recalled under subdivision 3 of section 2510 of the Education Law on September 8, 1981, the opening day of the school year, and was "reinstated or appointed" under that subdivision by action of the board (the purported determination) on September 14, 1981. The earliest action taken by petitioner that could legally be deemed a demand that the board perform its statutory duty to reappoint her to a *full-time* position, was her notice of claim filed October 7, 1981. Measuring the four-month period of limitation from the latter date, it is clear that her petition to compel the board to reappoint her to a full-time position was timely. In so holding, we construe the board's duty under section 2510 of the Education Law as being ministerial rather than discretionary and executive rather than quasi-adjudicative or legislative in nature (see McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7801:2, C7801:3, C7801:4; 8 Weinstein-Korn-Miller, NY Civ Prac, pars 7801.02, 7801.04, 7803.03, 7803.04). Accord-

ingly, the board's ex parte recall and reappointment of petitioner to a part-time position was functionally dissimilar to, for example, its final and binding disciplinary determinations which are made subject to review by a CPLR article 78 proceeding in the nature of certiorari by section 3020-a of the Education Law.

We note that Special Term correctly concluded that petitioner was not required to file a notice of claim pursuant to section 3813 of the Education Law as a condition precedent to the institution of this proceeding. Although recent decisions have attempted to predicate application of notice of claim requirements on a private-public right distinction (see, e.g., *Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.,* 35 NY2d 371, 379-380; *Matter of Pulver v Board of Educ.,* 80 AD2d 833; *Matter of Feinberg v Board of Educ.,* 78 AD2d 889; *Matter of Gross v Board of Educ.,* 73 AD2d 949; *Matter of Cordani v Board of Educ.,* 66 AD2d 780; *Matter of Tadken v Board of Educ.,* 65 AD2d 820, mot for lv to app den 46 NY2d 711; *Matter of Grey v Board of Educ.,* 60 AD2d 361, mot for lv to app den 44 NY2d 645), they essentially restate well-settled, if sometimes forgotten, principles that distinguish "claims" from legal *rights,* i.e., those claims that have already been reduced through enactment of positive law (e.g., Education Law, § 2510) or adjudication by an administrative agency or court (e.g., Education Law, § 3020-a) to judicially enforceable rights (see *State Div. of Human Rights [Geraci] v New York State Dept. of Correctional Servs.,* 90 AD2d 51, 63, 65-69, nn 6, 8). Obviously implicit in such legislation or adjudication is the government entity's knowledge of the nature of the claim asserted, hence, requiring a notice of claim *subsequent* to conversion of the claim into a legal right would be superfluous. In practical terms, prior to commencement of a special proceeding pursuant to CPLR article 78, a petitioner will either have demanded of the government entity that it perform the clear specific legal duty as legislated or have submitted his claim to adjudication by that entity. Therefore, a notice of claim is not a condition precedent to a special proceeding properly brought pursuant to CPLR

article 78 seeking either judicial enforcement of such duty or judicial review of such prior adjudication.

The judgment of Special Term dismissing the proceeding should accordingly be reversed, and the motion to dismiss denied.

DAMIANI, J. P., MANGANO, O'CONNOR and BROWN, JJ., concur.

Judgment reversed, on the law, without costs or disbursements, and motion to dismiss denied. The respondent's time to answer is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry.