■ SUSAN E. DUFEL et al., Respondents, v RANDY H. GREEN et al., Appellants. [603 NYS2d 624] —Casey, J. Appeals (1) from a judgment of the Supreme Court (White, J.), entered July 20, 1992 in Montgomery County, upon a verdict rendered in favor of plaintiffs, and (2) from an order of said court, entered September 22, 1992 in Montgomery County, which denied defendants' motion to set side the verdict.

Defendants contend that Supreme Court erred in allowing plaintiffs' medical experts to express their opinions as to whether plaintiff Susan E. Dufel's injuries satisfied the statutory standard required by Insurance Law § 5102 (d). In *Robillard v Robbins* (168 AD2d 803, *affd* 78 NY2d 1105), this Court rejected an identical argument and held that expert testimony on the ultimate issue of fact was permissible. The Court of Appeals' affirmance was based upon the absence of specific objections sufficient to preserve the issue for that Court's review. Defendants ask that we reconsider our holding in *Robillard.*

Once this Court has decided a legal issue, subsequent appeals presenting similar facts should be decided in conformity with the earlier decision under the doctrine of stare decisis, which recognizes that legal questions, once resolved, should not be reexamined every time they are presented *(see, People v Bing,* 76 NY2d 331, 338). Although the rule does not require unyielding adherence to even recent precedent, the mere existence of strong arguments to support a different result is not sufficient, in and of itself, to compel the court to overturn judicial precedent *(see, Matter of Higby v Mahoney,* 48 NY2d 15, 18). The exceptions to the rule are limited *(see, People v Hobson,* 39 NY2d 479, 488-491), even in tort cases involving personal injury "where courts will, if necessary, more readily re-examine established precedent to achieve the ends of justice in a more modern context" *(supra,* at 489). In the end, there must be a compelling reason to change the established rule *(see, Matter of Eckart,* 39 NY2d 493, 502), and we find the arguments advanced by defendants for changing the rule

established in *Robillard* insufficient. Supreme Court's judgment and order should, therefore, be affirmed.

Yesawich Jr., J. P., Mercure and Crew III, JJ., concur. Ordered that the judgment and order are affirmed, with costs.