[611 NYS2d 672]

In the Matter of BOARD OF EDUCATION OF THE UNION-ENDICOTT CENTRAL SCHOOL DISTRICT, Respondent, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Appellants.

Third Department, May 5, 1994

### APPEARANCES OF COUNSEL

*Ernest F. Hart,* Albany *(David P. Quinn* of counsel), for New York State Public Employment Relations Board, appellant.

*Bernard F. Ashe,* Albany *(Ivor R. Moskowitz* of counsel), for Union-Endicott Maintenance Workers' Association, appellant.

*Coughlin & Gerhart,* Binghamton *(Frank W. Miller* of counsel), for respondent.

*Jay Worona,* Albany *(Joseph B. Porter* of counsel), for New York State School Boards Association, Inc., *amicus curiae.*

*Nancy E. Hoffman,* Albany *(Jerome Lefkowitz* of counsel), for Civil Service Employees Association, Inc., *amicus curiae.*

### OPINION OF THE COURT

PETERS, J.

Petitioner advised respondent Union-Endicott Maintenance Workers' Association (hereinafter Association) that it was unilaterally changing the work schedule of its members. As a result thereof, the Association filed an improper practice charge with respondent Public Employment Relations Board

(hereinafter PERB) alleging that petitioner's unilateral change in the scheduling constituted a refusal to negotiate in violation of Civil Service Law § 209-a (1) (a) and (d). Petitioner served an answer to the charge alleging as an affirmative defense, *inter alia,* the Association's failure to file a notice of claim pursuant to Education Law § 3813 (1). An Administrative Law Judge denied the applicability of Education Law § 3813 (1) as a condition precedent to the Association's filing of an improper practice charge, which was affirmed by PERB. Petitioner thereafter commenced the instant proceeding pursuant to CPLR article 78 seeking to annul PERB's determination. After issue was joined, Supreme Court granted the relief requested by petitioner. Respondents appeal.

■ ■ The sole issue presented herein is the applicability of the notice of claim provision contained in Education Law § 3813 (1)* in a proceeding before PERB. Supreme Court found that the filing of a notice of claim in accordance with Education Law § 3813 (1) was a condition precedent to the filing of an improper practice charge against petitioner. We agree.

■ Addressing first PERB's argument that Education Law § 3813 (1) is not applicable as the improper practice proceeding is not an "action" or "special proceeding" within the meaning of the CPLR, we find such argument to be without merit in light of the liberal construction given to the terms "action" or "special proceeding" in Education Law § 3813 (1) and the applicability of the condition precedent contained therein to administrative proceedings *(see, Matter of Geneseo Cent. School [Perfetto & Whalen Constr. Corp.],* 53 NY2d 306; *Matter of Board of Educ. [Wager Constr. Corp.],* 37 NY2d 283).

■ There are, however, two judicially recognized exceptions to compliance with Education Law § 3813 (1): "[w]here an action or proceeding is brought to vindicate a public interest rather than to seek enforcement of a private right or duty" *(Matter of Grey v Board of Educ.,* 60 AD2d 361, 363, *lv denied* 44 NY2d 645) or where "there are procedures set forth in a

---

* The relevant provisions of Education Law § 3813 (1) provide as follows: "No action or special proceeding, for any cause whatever, except as hereinafter provided, relating to district property or property of schools * * * or claim against the district or any such school, or involving the rights or interests of any district or any such school shall be prosecuted or maintained against any school district * * * unless it shall appear by and as an allegation in the complaint * * * that a written verified claim upon which such action or special proceeding is founded was presented * * * within three months after the accrual of such claim".

separate statute or contractual provision which either afford the school district notice similar to that contained in subdivision 1 of section 3813 or which waive compliance with its requirements" *(supra,* at 363).

Addressing the first exception, PERB contends that "all administrative proceedings are functions of the executive branch of government and, therefore, they are necessarily for the enforcement or implementation of governmental (i.e., public) interests—not the adjudication of private disputes; the latter being reserved to the judiciary". While concededly one of the purposes of the Civil Service Law is to effectuate the public policy of promoting "harmonious and cooperative relationships" between the government and its employees (Civil Service Law § 200), we do not find that there is any rational basis to conclude that every proceeding brought before PERB would constitute a proceeding to vindicate a public interest. We find the instant matter without public policy implications like those of *Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd.* (35 NY2d 371). The gravamen of the relief sought in this case is fundamentally private *(see, Matter of Jackson v Board of Educ.,* 194 AD2d 901, *lv denied* 82 NY2d 657; *Hoger v Thomann,* 189 AD2d 1048; *Matter of Harder v Board of Educ.,* 188 AD2d 783), and "not attempting to pursue the kind of public interest that would remove the necessity of filing a notice of claim" *(Matter of Jackson v Board of Educ., supra,* at 903).

Addressing the second recognized exception, it is clear that there is no contractual provision contained in the parties' collective bargaining agreement indicative of an intent to waive compliance with such provisions of the Education Law. Thus, it becomes necessary to consider whether there exists a parallel statutory notice provision in another statute. While the Court of Appeals has clearly recognized the applicability of parallel notice provisions, it clearly states that such alternative provisions are only effective in circumstances where they provide notice to the school board that is "not unlike" the notice to which the school board would have otherwise been entitled to pursuant to Education Law § 3813 (1) *(Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd., supra,* at 380).

Recognizing that the purpose of Education Law § 3813 (1) is "to give a school district prompt notice of claims 'so that investigation may be made before it is too late for investigation to be efficient' " *(Matter of Board of Educ. [Wager Constr.*

*Corp.],* 37 NY2d 283, 289, *supra,* quoting *Matter of Board of Educ. [Heckler Elec. Co.],* 7 NY2d 476, 483), we find that the alternate statutory provisions provided by the regulations promulgated pursuant to Civil Service Law § 205 (5) (d) are significantly different from the notice which petitioner would otherwise be entitled to pursuant to Education Law § 3813 (1).

PERB's regulations allow for a four-month filing period (4 NYCRR 204.1 [a] [1]), as opposed to the three-month period contained in Education Law § 3813 (1), and do not mandate that the charge be filed directly with the school district but rather with PERB's director (4 NYCRR 204.2 [a]), who in turn sends it on to the school district for an answer (4 NYCRR 204.3 [a]). While it is clear that these regulations are "not unlike" the notice provisions of the Education Law, the extension of the limitations period and the person to whom such notice would have to first be given serve to significantly distinguish these provisions in our view from being afforded an exception from the notice which would be afforded pursuant to Education Law § 3813 (1).

Moreover, in seeking to determine whether parallel statutory notice was served upon petitioner within the time restraints of Education Law § 3813, albeit in another manner *(see, Matter of Board of Educ. v Ambach,* 69 AD2d 949, 950-951), we find that Supreme Court correctly noted that the Association filed the improper practice charge on the eve of the four-month limitations period and, therefore, petitioner did not receive notice of the claim within the time restraints of Education Law § 3813 (1). Accordingly, we find that the second exception to Education Law § 3813 (1) is likewise inapplicable to the instant matter and that Supreme Court properly annulled PERB's determination due to the Association's failure to file a notice of claim.

MIKOLL, J. P., MERCURE and YESAWICH JR., JJ., concur.

Ordered that the judgment is affirmed, with costs.