[633 NYS2d 607]

In the Matter of DEPOSIT CENTRAL SCHOOL DISTRICT, Appellant, v PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents.

Third Department, November 2, 1995

## APPEARANCES OF COUNSEL

*Hogan & Sarzynski,* Binghamton *(John B. Hogan* of counsel), for appellant.

*Gary Johnson,* Albany *(David P. Quinn* of counsel), for Public Employment Relations Board, respondent.

*Bernard F. Ashe,* Albany *(Ivor R. Moskowitz* of counsel), for New York State United Teachers, respondent.

## OPINION OF THE COURT

CASEY, J.

█ The only issue raised by petitioner's appeal is whether the administrative proceeding commenced by the improper practice charge filed by respondent Deposit Teachers Association, NYSUT, AFT, AFL-CIO, Local 2602 (hereinafter the teachers' association) with respondent Public Employment Relations Board (hereinafter PERB) was barred by Education Law § 3813. It is undisputed that the teachers' association did not present a verified notice of claim to petitioner's governing body before filing the improper practice charge with PERB. PERB argues that the Education Law § 3813 notice of claim requirement is not applicable to improper practice proceedings. This Court, however, recently held that compliance with the notice of claim requirement is a condition precedent to PERB's exercise of jurisdiction over an improper practice charge *(Matter of Board of Educ. of Union-Endicott Cent. School Dist. v New York State Pub. Empl. Relations Bd.,* 197 AD2d 276, *lv denied* 84 NY2d 803 [hereinafter the *Union-Endicott* case]). The doctrine of stare decisis recognizes that legal questions, once resolved, should not be reexamined every time they are presented *(see, People v Bing,* 76 NY2d 331, 338). The exceptions to the doctrine are limited *(see, People v Hobson,* 39 NY2d 479, 488-491), and we find PERB's argument insufficient to invoke those limited exceptions *(see, Dufel v Green,* 198 AD2d 640, *affd* 84 NY2d 795).

Relying upon the judicially created rule that the statutory notice of claim requirement is not applicable to proceedings "in which it is sought to vindicate a public interest" *(Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd.,* 35 NY2d 371, 380), PERB and the teachers'

association contend that all improper practice proceedings seek to vindicate the public interest which underlies the Taylor Law embodied in Civil Service Law article 14. This Court rejected a similar argument in the *Union-Endicott* case. Again, we see no reason not to adhere to our prior holding under the doctrine of stare decisis.

PERB argues that even if the public policy exemption does not apply to all improper practice proceedings, it does apply to the particular proceeding at issue in this appeal because the improper practice charge filed by the teachers' association seeks to vindicate a public interest by protecting the public from the consequences of a public employer's refusal to negotiate. Supreme Court agreed with the argument, but we do not. The argument is not based upon the unique facts and circumstances of this case, but instead would be equally applicable to any improper practice proceeding which involves the obligation to negotiate imposed by the Taylor Law. In the *Union-Endicott* case, this Court concluded that the public policy exemption was not applicable to an improper practice charge of refusal to negotiate and we see no reason to reach a different conclusion merely because the charge herein alleged a failure to negotiate in good faith.

■ PERB and the teachers' association contend that petitioner waived the statutory notice of claim requirement by failing to plead it in its original answer to the charges submitted to the Administrative Law Judge (hereinafter ALJ). Lack of compliance with the statutory notice of claim requirement does not have to be pleaded as an affirmative defense, but it is waived if not raised before "the court of original jurisdiction" *(Flanagan v Board of Educ.,* 47 NY2d 613, 617). Respondents contend that "the court of original jurisdiction" in this case was the ALJ. Inasmuch as PERB is the administrative body responsible for making the final determination of the proceeding commenced by the filing of improper practice charges *(see,* Civil Service Law § 205 [5] [d]), we are of the view that PERB is "the court of original jurisdiction" in this case. PERB relies upon the powers which have been delegated to the ALJ, but the ALJ's decision is final and binding only if no exceptions are timely filed *(see,* 4 NYCRR 204.14 [b]). Once petitioner timely filed its exceptions, PERB had to make the final determination. Accordingly, petitioner preserved its claim of lack of compliance with Education Law § 3813 by raising the issue before PERB.

■ ■ ■ The teachers' association contends that the notice received by petitioner substantially complied with the require-

ments of Education Law § 3813. We agree. Because the purpose of the notice of claim requirement is to give a school district prompt notice of claims to permit efficient investigation, substantial compliance with Education Law § 3813 is all that is required when the school district has been " 'sufficiently informed' " of the claim *(Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 547). The notice must include the nature of the claim and the time when, the place where and the manner in which the claim arose *(see, Widger v Central School Dist. No. 1,* 18 NY2d 646, 648), and the courts have recognized that the service of a pleading within the time required for notice by Education Law § 3813 can constitute substantial compliance *(see, Matter of Board of Educ. v Ambach,* 81 AD2d 691; *see also, Matter of Cowan v Board of Educ.,* 99 AD2d 831, 833, *appeal discontinued* 63 NY2d 702).

■ The improper practice charge, duly sworn by the president of the teachers' association and filed with PERB approximately five weeks after petitioner unilaterally declared an impasse in the negotiations, clearly contains all of the details as to the nature of the claim, and the time, place and manner in which the claim arose. A copy of the charges was forwarded to petitioner by PERB in accordance with its rules *(see,* 4 NYCRR 204.2 [a]). It is clear that petitioner's governing body received its copy of the charges within 90 days after the claim arose because petitioner filed its answer to the charges within the 90-day period. In these circumstances, we are of the view that petitioner was sufficiently informed of the claim to permit an efficient investigation and, therefore, there was substantial compliance with the notice of claim requirement *(see, Matter of Board of Educ. v Ambach, supra).* The judgment dismissing the petition should, therefore, be affirmed.

MIKOLL, J. P., CREW III, YESAWICH JR. and PETERS, JJ., concur.

Ordered that the judgment is affirmed, without costs.