OPINION OF THE COURT
John R. LaCava, J.
Petitioner’s motion to strike two affirmative defenses raised in response to this CPLR article 78 proceeding commenced to challenge an unfavorable March 15, 1996 Retirement and Social Security Law § 803 determination is denied.
BACKGROUND AND FACTS
Petitioner Frances White was employed as a substitute teacher with the Ossining Union Free School District (Ossining) in September 1974. While there, she did not join the then effective and voluntary New York State Teachers’ Retirement System (the retirement system), Tier II. Thereafter, she worked for various school districts. In September 1976, White joined the then effective and mandatory Tier III retirement system which provides for, among other things, a less generous benefit package than that offered through Tier II.
In November 1994, White applied to Ossining for retroactive membership in Tier II of the New York State Retirement System pursuant to section 803 of the Retirement and Social Security Law. Very briefly, section 803 (b) (3) allows for retroactive membership in an earlier retirement system where an employee did not, when first eligible to join the retirement *769 system:[1] "(i) expressly decline membership in a form filed with the employer; (ii) participate in a procedure explaining the option to join the system in which a form, booklet or other written material is read from, explained or distributed * * * or (iii) participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or her to join a public retirement system.”
After having been turned down for retroactive membership by the Ossining Assistant Superintendent and then the Ossining Superintendent, a full evidentiary hearing was held on November 17, 1995. Upon consideration of the hearing testimony and subsequently submitted briefs, the Ossining Board of Education affirmed the previous denials by written determination dated March 15, 1996. This CPLR article 78 proceeding was commenced on July 12, 1996 to upset that determination.
By verified answer and an affirmation dated August 9, 1996, respondent raises two affirmative defenses: (1) petitioner failed to file an Education Law § 3813 (l)[2] notice of claim with the school district within three months after the accrual of her claim; and (2) failed to allege that in her petition. This motion to strike the affirmative defenses followed.
CONCLUSIONS OF LAW
With narrow exception (see, infra), service of an Education Law § 3813 notice of claim is a condition precedent to obtaining personal jurisdiction over a school district, even in a CPLR article 78 proceeding (see, Education Law § 3813; Matter of Harder v Board of Educ., 188 AD2d 783, 784 [3d Dept 1992]; Matter of Jackson v Board of Educ., 194 AD2d 901 [3d Dept 1993], lv denied 82 NY2d 657). The notice of claim must be served within three months of the accrual of the claim, here, admittedly, March 15, 1996. Absent a judicially recognized exception, or permissible leave to file a late notice of claim (see, Education Law § 3813 [2-a]), failure to comply with the notice *770 of claim requirement is a fatal defect which mandates the dismissal of the proceeding (Parochial Bus Sys. v Board of Educ., 60 NY2d 539, 548).
Petitioner moves to strike the affirmative defenses on the ground that the public interest exception, one of two judicially recognized exceptions to the section 3813 notice of claim requirement (see, Matter of Board of Educ. v New York State Pub. Empl. Relations Bd., 197 AD2d 276 [3d Dept 1994], lv denied 84 NY2d 803), applies to her case. The scope of the public interest exception to the notice of claim requirement extends to "actions that are brought to protect an important right, which seek relief for a similarly situated class of the public, and whose resolution would directly affect the rights of that class or group” (Mills v County of Monroe, 59 NY2d 307, 311, cert denied 464 US 1018).
In Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd. (35 NY2d 371, rearg denied 36 NY2d 807), the Court deemed exempt under the public interest exception a case dealing with personnel policies and practices which discriminated on the basis of sex. The Court found that the relief granted would "redound to the benefit of that teacher as well as to the benefit of other teachers similarly situated” (supra, at 380). Also emphasized was the "public’s interest in the elimination of discrimination based on sex — a public interest duly declared by legislative enactment” (supra). Nonetheless, where a favorable disposition would not directly affect or vindicate the rights of others, an action based on unlawful discriminatory practices constitutes the vindication of a private right (see, Mills v County of Monroe, 59 NY2d 307, 311, supra [action to redress employment discrimination on the basis of race]).
"The 'tenure rights’ of teachers are also considered a matter in the public interest and therefore section 3813 is not applicable to cases seeking to enforce such rights [citations omitted]” (Sephton v Board of Educ., 99 AD2d 509, 510 [2d Dept 1984], lv denied 62 NY2d 605; Matter of Piaggone v Board of Educ., 92 AD2d 106 [2d Dept 1983]; Matter of Feinberg v Board of Educ., 78 AD2d 889 [2d Dept 1980]).
In Sephton (99 AD2d 509, supra), the Court held that an action for the recovery of back pay based upon an alleged improper salary restructuring was not exempt from the Education Law § 3813 notice requirement because the "vindication of private rights and duties” was being sought (supra, at .510). Here, too, petitioner is "not attempting to pursue the kind of *771 public interest that would remove the necessity of filing a notice of claim” (Matter of Jackson v Board of Educ., 194 AD2d 901, 903, supra). Fundamentally private relief, retroactive membership in an earlier tier of a retirement system with all of the benefits that it brings, is being sought on the grounds that the Retirement and Social Security Law § 803 determination is null and void for reasons included in CPLR 7803 (3) and' (4). This proceeding lacks public policy implications inasmuch as the disposition of petitioner’s claim was not intended to nor could it directly affect or vindicate the rights of others (see, Mills v County of Monroe, 59 NY2d 307, 311, supra).
Matter of Walton v Board of Educ. (Sup Ct, Orange County, Jan. 17, 1996, Owen, J., index No. 5777/95) is distinguishable. There, relying on Piaggone (supra), the court ruled that a Education Law § 3813 notice of claim was not required in that CPLR article 78 proceeding because petitioner asserted that the respondent did not fulfill "a requirement imposed by law”, i.e., respondent allegedly failed to provide a Retirement and Social Security Law § 803 (b) (3) affidavit.[3] Here, the contention is that an incorrect Retirement and Social Security Law § 803 determination was reached. Petitioner has no legal right to a determination in her favor.
Matter of Mogg v Brentwood Union Free School Dist. (Sup Ct, Suffolk County, Mar. 1, 1996, Gowan, J.) is not controlling, and is unpersuasive. Without discussion or comment, Mogg (supra) relies upon Piaggone (supra) for its holding that an Education Law § 3813 notice of claim is not required in an article 78 proceeding for retroactive membership in an earlier retirement system. As previously noted, however, Piaggone is a tenure case and, as such, is significantly distinguishable. This is especially so in light of more recent cases that have applied the section 3813 notice requirement to CPLR article 78 proceedings (see, e.g., Matter of Harder v Board of Educ., 188 AD2d 783, 784, supra [Education Law § 3813 notice requirement applicable to CPLR article 78 proceeding commenced to challenge school district’s determination, after a Civil Service Law § 75 hearing, to terminate an employee for, among other things, incompetency]).
A claim for monetary damages in addition to that which is a "natural concomitant” of the ultimate relief sought may very well disqualify a proceeding or action that is otherwise exempt *772 from Education Law § 3813 (see, Matter of Feinberg v Board of Educ., 78 AD2d 889, supra; see also, Hermele v Union Free School Dist. No. 23, 167 AD2d 512 [2d Dept 1990], lv denied 77 NY2d 804 [action to recover for wrongful discharge and for reinstatement of employment constitutes a private dispute]). However, the mere absence of a claim for monetary damages in an otherwise nonexempt case does not qualify it for exemption.
The court must reject petitioner’s argument that her November 1994 Retirement and Social Security Law § 803 (b) (3) affidavit satisfies the Education Law § 3813 notice of claim requirement. It is not knowledge of the wrong or underlying facts that counts, it is knowledge of the actual claim (Parochial Bus Sys. v Board of Educ., 60 NY2d 539, 548, supra; Chesney v Board of Educ., 5 NY2d 1007 [1959]; Munroe v Booth, 305 NY 426 [1953]; Thomann v City of Rochester, 256 NY 165, 172 [1931]). The affidavit precedes the earliest date on which the claim could have accrued, March 15, 1996.
The alternative relief sought, an application for leave to file a late notice of claim, must be denied. An extension of time during which to serve a notice of claim "shall not exceed the time limited for the commencement of an action by the claimant against any district or any such school” (Education Law § 3813 [2-a]; Matter of Board of Educ. [Merritt Meridian Constr. Corp.], 210 AD2d 854 [3d Dept 1994]). Petitioner’s September 25, 1996 application for leave to file a late notice of claim was made well over four months (see, CPLR 217) after the date the cause of action accrued, March 15, 1996.
While a pleading may constitute substantial compliance with a notice of claim requirement, that is only where, unlike here, it has been served within the requisite period of limitations (Matter of Deposit Cent. School Dist. v Public Empl. Relations Bd., 214 AD2d 288 [3d Dept 1995], lv denied 88 NY2d 866; Matter of Feinberg v Board of Educ., 78 AD2d 889, supra).
One may question the wisdom of requiring the filing of a notice of claim within three months after the accrual of a claim cognizable under CPLR article 78, and where there exists a mere four-month Statute of Limitations (see, Education Law § 3813; CPLR 217). However, that is a matter more properly placed before the Legislature. As the Court stated in Parochial Bus Sys. v Board of Educ. (60 NY2d 539, 548, supra):
"Indeed, this court has long held * * * that where the 'legislature has said that a particular form of notice, conveyed with particular details to particular public officers, shall be a *773 prerequisite to the right to sue [,] [t]he courts are without power to substitute something else.’ (Thomann v City of Rochester, 256 NY 165, 172 * * *.) Moreover, '[w]hat satisfies [a statute such as section 3813 of the Education Law] is not knowledge of the wrong. What the statute exacts is knowledge of the "claim.” ’ (Id.)
"Nor may a claimant be relieved of 'a positive statutory mandate’ simply because no prejudice has resulted, 'even to avoid a harsh result.’ (P.J. Panzeca, Inc. v Board of Educ., 29 NY2d 508, 510 * * *)”.
Petitioner’s failure to present a notice of claim to the school district as is required by Education Law § 3813 constitutes a fatal defect resulting in the dismissal of this proceeding.
Accordingly, the petition is dismissed.

. Section 803 was effective for three years, and has since expired.

. Education Law § 3813 (1) provides: "No action or special proceeding, for any cause whatever, except as hereinafter provided, relating to district property or property of schools * * * or claim against the district or any such school, or involving the rights or interests of any district or any such school shall be prosecuted or maintained against any school district * * * unless it shall appear by and as an allegation in the complaint * * * that a written verified claim upon which such action or special proceeding is founded was presented * * * within three months after the accrual of such claim”.

. The court expressly declined to rule on whether a notice of claim was necessary for the judicial review of an administrative determination on the grounds of arbitrariness and capriciousness.