■ In the Matter of ROBERT L. SCHULZ et al., Appellants-Respondents, v STATE OF NEW YORK et al., Respondents, and WARREN COUNTY BOARD OF SUPERVISORS et al., Respondents-Appellants. [660 NYS2d 904] —Mikoll, J. (1) Appeal from an order of the Supreme Court (Kahn, J.), entered January 17, 1996 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, *inter alia*, granted a motion by certain respondents to dismiss the petition for failure to state a cause of action against them, and (2) cross appeals from an order of said court, entered August 6, 1996 in Albany County, which, *inter alia*, partially granted petitioners' application to annul a determination of respondent Warren County Board of Supervisors accepting a supplemental final environmental impact statement for a proposed sewer project.

Petitioners, owners of property in Warren County, commenced this combined CPLR article 78 proceeding and declaratory judgment action against respondents State of New York and certain State officials (hereinafter collectively referred to as the State) and the Warren County Board of Supervisors and its Supervisor (hereinafter collectively referred to as the County). This litigation involves amendments to Environmental Conservation Law article 43 enacted by chapter 617 of the Laws of 1987 to facilitate a sewer project in Warren County (hereinafter the project) (*see, e.g., Matter of Schulz v New York State Dept. of Envtl. Conservation*, 200 AD2d 793, *appeal dismissed* 83 NY2d 848, *lv denied* 83 NY2d 758).

Petitioners' first claim alleges that chapter 617 is unconstitutional because it violates the home rule provisions of NY Constitution, article IX, § 2 (b) (2), an issue this Court decided in *Matter of Salvador v State of New York* (205 AD2d 194, 199, *appeal dismissed* 85 NY2d 857, *lv denied* 85 NY2d 810) (hereinafter *Salvador*). In claims two through five, petitioners sought nullification of a Town of Queensbury supplemental draft environmental impact statement and the supplemental final environmental impact statement (hereinafter collectively referred to as SFEIS) which were accepted as complete in early 1995 by the County. Petitioners contended that the SFEIS was insufficient because it did not include a detailed statement addressing the effects of the proposed project on the use and conservation of energy resources as well as the growth-inducing aspects of the proposed project. Additionally, petitioners claimed that respondents failed to evaluate the no-action alternative required by 6 NYCRR 617.14 (f) (5) and, finally, that respondents segmented the requirements of the State

Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) review of the project in violation of 6 NYCRR 617.3 (g).

The State moved to dismiss the petition based on the doctrine of stare decisis since this Court in *Salvador* held that the statutes at issue were constitutional. The State also moved for dismissal of petitioners' remaining claims for failure to state a cause of action. Supreme Court granted the State's motion dismissing the first claim based on stare decisis and the remaining four claims as to the State on the ground that the State had no involvement with the County's SEQRA process. Petitioners appeal from this order.

The County cross-moved to dismiss the petition or, in the alternative, to sever the first claim from the remaining claims and transfer the remainder of the proceeding from Albany County to Warren County. Supreme Court denied the motion and directed the County to answer. The County answered and again moved to dismiss. Supreme Court then dismissed claims two, three and four finding them without merit. However, Supreme Court found that the Queensbury supplemental draft environmental impact statement and the SFEIS were fundamentally flawed in that "the Queensbury project was segmented from the Warren County Sewer Project without stating the circumstances that warranted a segmented review and without demonstrating that the review is clearly no less protective of the environment * * * [and also] impermissibly failed to evaluate * * * the cumulative effects of the Queensbury and Southern Basin projects on the environment, notwithstanding that the two projects are nearly contiguous".

Supreme Court annulled the SFEIS and subsequent statement of findings and enjoined the County from going forward with the project until the applicable provisions of SEQRA have been complied with. Petitioners appeal from so much of this order as dismissed the second, third and fourth claims.*

The orders of Supreme Court should be affirmed. Supreme Court properly dismissed petitioners' first claim asserting that the "home rule" provisions of the NY Constitution were violated. Petitioners failed to present any compelling grounds for this Court to change its holding in *Salvador*. "Once this Court has decided a legal issue, subsequent appeals presenting similar facts should be decided in conformity with the earlier decision under the doctrine of stare decisis, which recognizes

---

* Pursuant to the County's brief, the County abandoned its cross appeal from this order.

that legal questions, once resolved, should not be reexamined every time they are presented" (*Dufel v Green*, 198 AD2d 640 [citation omitted], *affd* 84 NY2d 795; *see, Matter of Deposit Cent. School Dist. v Public Empl. Relations Bd.*, 214 AD2d 288, 290, *lv dismissed, lv denied* 88 NY2d 866). This rule obtains unless there are compelling reasons to alter the established rule (*see, id.*). Here, petitioners advance essentially the same argument as was made in *Salvador* concerning the home rule provisions of the NY Constitution. Thus, there is no reason to disturb Supreme Court's dismissal of petitioners' first claim.

Petitioners' assertion that chapter 617 was repugnant to NY Constitution, article III, § 15, because it is a private local bill which embraces more than one subject matter, is raised for the first time on appeal and therefore is not appropriate for appellate review (*see, Matter of Alcott Staff Leasing v New York Compensation Ins. Rating Bd.*, 224 AD2d 54, 58; *Paul v Paul*, 200 AD2d 820, 821, *lv dismissed* 83 NY2d 953).

Petitioners have not been aggrieved by Supreme Court's dismissal of claims two, three and four in light of the fact that Supreme Court upheld the fifth claim, annulled the SFEIS and ordered that a new environmental impact statement be prepared. Consequently, Supreme Court's dismissal of claims two, three and four is not reviewable.

Cardona, P. J., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the orders are affirmed, without costs.