■ In the Matter of FRANCES WHITE, Appellant, v RICHARD FREYMAN et al., Respondents. [669 NYS2d 853] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education, Ossining Union Free School District, dated March 15, 1996, which, after a hearing, affirmed the denial of the petitioner's application pursuant to Retirement and Social Security Law § 803 for retroactive membership in the New York State Teachers' Retirement System, Tier II, the petitioner appeals from an order and judgment (one

paper) of the Supreme Court, Westchester County (LaCava, J.), entered February 5, 1997, which denied the petitioner's motion to strike two affirmative defenses raised by the respondents, and dismissed the proceeding.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the petition is reinstated, the petitioner's motion to strike two of the respondents' affirmative defenses is granted, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings.

Contrary to the Supreme Court's determination, a notice of claim pursuant to Education Law § 3813 was not a condition precedent to the commencement of this special proceeding (*see, Matter of Lovett v Manhasset Pub. Schools,* 245 AD2d 455; *Matter of Piaggone v Board of Educ.,* 92 AD2d 106, 108; *Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 548). Accordingly, the Supreme Court should have granted the petitioner's motion to strike the respondents' two affirmative defenses which alleged that the petitioner's claim was barred due to her failure to comply with the notice requirements set forth in Education Law § 3813. Sullivan, J. P., Friedmann, Florio and Luciano, JJ., concur.