■ JAMES BATTLE, Appellant, v STATE OF NEW YORK et al., Respondents. (Claim No. 1.) KARL YOUNG, Appellant, v STATE OF NEW YORK et al., Respondents. (Claim No. 2.) [682 NYS2d 726] —Crew III, J. Appeal from an order of the Court of Claims (Benza, J.), entered October 14, 1997, which, *inter alia,* granted the State's motion for summary judgment dismissing the claims.

On February 21, 1988 claimants, both experienced bobsled-

ders, were involved in an accident while competing in a bobsled race at the Mt. Van Hovenberg Olympic Sports Complex in the Town of North Elba, Essex County. At the time of the accident, claimant Karl Young was driving the two-person bobsled and claimant James Battle was acting as the brakeperson. Claimants completed the competitive portion of the course without incident and crossed the finish line, but after entering the outrun portion of the course claimants' sled collided with the left side of the outrun wall. At the point where the impact occurred, there was a gap in the wall approximately 20 feet in length, which was used for the quick removal of bobsleds from the course during competitions. Claimants' sled struck the concrete abutment at the far end of this opening and, as a result, claimants sustained numerous injuries.

Claimants thereafter filed separate claims against the State, acting through the Olympic Regional Development Authority and the Department of Environmental Conservation (hereinafter collectively referred to as the State), alleging, *inter alia*, that the State was negligent in the design, construction and maintenance of the Mt. Van Hovenberg bobsled facility. Specifically, claimants alleged that the 20-foot gap in the outrun wall was a dangerous and defective condition. Following joinder of issue and discovery, the State moved for summary judgment dismissing the claims asserting, *inter alia*, that claimants had voluntarily assumed a risk inherent in the sport of bobsledding. Claimants opposed the motion and cross-moved for partial summary judgment on the issue of liability. Relying upon the Court of Appeals decision in *Morgan v State of New York* (90 NY2d 471) and the doctrine of stare decisis, the Court of Claims granted the State's motion and dismissed the underlying claims. This appeal by claimants ensued.

We affirm. "The doctrine of stare decisis provides that once a court has decided a legal issue, subsequent appeals presenting similar facts should be decided in conformity with the earlier decision" (*People v Bing*, 76 NY2d 331, 337-338). The doctrine, which "rests upon considerations of practicality and principle" (*People v Damiano*, 87 NY2d 477, 488 [Simons, J., concurring]), recognizes that a legal question, once resolved, should not be reexamined each and every time that it is presented (*see, Matter of Deposit Cent. School Dist. v Public Empl. Relations Bd.*, 214 AD2d 288, 290, *lv dismissed and denied* 88 NY2d 866; *Dufel v Green*, 198 AD2d 640, *affd* 84 NY2d 795). Simply stated, the established precedent prevails unless there is a compelling reason to depart from it (*see, Matter of Schulz v State of New York*, 241 AD2d 806, 808, *appeal dismissed* 90 NY2d 1007; *Dufel v Green, supra*).

Our review of the record persuades us that the Court of Claims correctly concluded that the resolution of the claims before us is governed by the Court of Appeals' prior decision in *Morgan v State of New York* (90 NY2d 471, *supra*). In *Morgan*, the claimant, an experienced bobsledder participating in a competitive run at the Mt. Van Hovenberg facility, sustained serious injuries when the sled that he was driving collided with the concrete abutment at the end of the gap in the outrun wall. As did claimants here, the claimant in *Morgan* alleged that the gap in the outrun wall constituted a design defect and, further, represented a risk that was not inherent in the sport of bobsledding. The Court of Appeals rejected this argument, finding that "there was no evidence that the opening in the wall in the course finish run engendered additional or heightened risks beyond those inherent in a sport whose aim is to streak down a mountainside on a sheet of ice at speeds approaching 80 miles per hour" (*id.*, at 486). The facts presented in *Morgan* and the claims presently before us are substantially similar, and inasmuch as claimants here have presented no compelling reason for departing from the holding in *Morgan*, we decline the invitation to do so. In light of this conclusion, we need not address the remaining arguments advanced by claimants on appeal.

Mikoll, J. P., Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.