■ VARSITY TRANSIT, INC., et al., Appellants-Respondents, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent-Appellant. [759 NYS2d 4] —Order and judgment (one paper), Supreme Court, New York County (Karla Moskowitz, J.), entered April 10, 2002, which, inter alia, granted plaintiffs' motion insofar as it sought summary judgment and awarded

plaintiffs damages, but denied so much of plaintiffs' motion as sought leave to file a supplemental complaint, unanimously modified, on the law and the facts, to grant that part of plaintiffs' motion seeking leave to file a supplemental complaint alleging claims for additional damages attributable to defendant's continuing breach of contract, and otherwise affirmed, without costs.

The motion court, in granting plaintiffs' motion for summary judgment, properly determined that defendant Board of Education utilized an improper calculation to determine if plaintiffs were entitled to a suspension of part or all of the Board's 2% prompt payment discount based on increased insurance costs. Neither the language of the contract nor the undisputed purpose of the suspension provisions, i.e., to provide relief to contractors where insurance costs for their matrons increased at a rate greater than inflation, supported the Board's view that it was entitled to adjust the contractually mandated calculation as it did (*see West, Weir & Bartel v Mary Carter Paint Co.*, 25 NY2d 535, 540 [1969]). Although the Board purportedly sought to prevent contractors from having their insurance costs paid twice, the suspension calculation authorized by the contract did not permit such a double recovery but rather allowed credits against the prompt payment discount only for insurance costs in excess of those already reimbursed through contract increases based on upward fluctuations in the consumer price index.

The motion court improperly denied plaintiffs' motion to file a supplemental complaint seeking damages that had allegedly accrued after the action's commencement and thus were not set forth in the notices of claim originally filed in this matter. Plaintiffs sufficiently informed defendant Board of their claims and substantially complied with the notice requirements of Education Law § 3813 (1) (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 547 [1983]) by properly filing notices of claim fully informing the Board of their claims concerning the Board's errors in calculating the suspension of the 2% prompt payment discount for the 1995-1996 school year and for the first three months of the 1996-1997 school year, thus providing the Board with a full opportunity to investigate the claims. Given the nature of the dispute framed by plaintiffs' notices of claim, the Board must have been aware that plaintiffs, if damaged in the noticed school years, would continue to sustain damage attributable to the same miscalculation in subsequent years covered by extensions to the underlying contract. Defendant Board was additionally notified

of the continuing nature of plaintiffs' claims by the inclusion in the complaint of a request for an injunction requiring the Board to utilize the proper formula prospectively, as set forth in the contract (*see generally Matter of Deposit Cent. School Dist. v Public Empl. Relations Bd.*, 214 AD2d 288, 292 [1995], *lv denied and dismissed* 88 NY2d 866 [1996]). Concur—Tom, J.P., Andrias, Rosenberger and Williams, JJ.