US Bank N.A. v UBS Real Estate Sec., Inc. (2019 NY Slip Op 08355)





US Bank N.A. v UBS Real Estate Sec., Inc.


2019 NY Slip Op 08355


Decided on November 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2019

Manzanet-Daniels, J.P., Tom, Kapnick, Gesmer, Singh, JJ.


651282/12 10356 651854/14 10355

[*1] US Bank National Association, etc., Plaintiff,
v
UBS Real Estate Securities, Inc., Defendant.
Ace Securities Corp., etc., et al., Plaintiffs-Appellants,
v
DB Structured Products, Inc., Defendant-Respondent.


Kasowitz Benson Torres LLP, New York (David J. Abrams of counsel), for US Bank National Association, appellant.
McKool Smith, P.C., New York (Zachary W. Mazin of counsel), for Ace Securities Corp, Home Equity Loan Trust, HSBC Bank USA and National Association, appellants.
Skadden, Arps, Slate, Meagher & Flom LLP, New York (Alexander C. Drylewski of counsel), for UBS Real Estate Securities, Inc., respondent.
Simpson Thacher & Bartlett LLP, New York (William T. Russell, Jr. of counsel), for DB Structured Products, Inc., respondent.



Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered on or about March 29, 2016, which granted defendant DB Structured Products, Inc.'s motion to dismiss the complaint pursuant to CPLR 3211(a)(5) with prejudice, unanimously affirmed, with costs. Order, same court and Justice, entered July 28, 2016, which granted defendant UBS Real Estate Securities, Inc.'s motion to dismiss the amended complaint pursuant to CPLR 3211, unanimously affirmed, with costs.
The dispositive issue in both appeals is whether the trustee of a residential mortgage-backed securities trust is a "plaintiff" within the meaning of CPLR 205(a) when the prior action was commenced by the trust's certificateholders. In U.S. Bank N.A. v DLJ Mtge. Capital, Inc. (141 AD3d 431 [1st Dept 2016], affd 33 NY3d 84 [2019] ["HEAT"]), we concluded that "the trustee [was] not entitled to refile the claims pursuant to CPLR 205(a), because it [was] not a plaintiff' under that statute" (id. at 433). Our decision "could not have been clearer, and that decision is still good law and binding upon us under principles of stare decisis" (First Hudson Capital, LLC v Seaborn, 54 AD3d 251, 252 [1st Dept 2008], appeal dismissed 11 NY3d 894 [2008]). Plaintiff Ace Securities Corp.'s attempt to distinguish HEAT is unavailing. Neither [*2]plaintiff has demonstrated the "compelling circumstances" required to depart from stare decisis (see People v Aarons, 305 AD2d 45, 56 [1st Dept 2003], affd 2 NY3d 547 [2004]; see also Dufel v Green, 198 AD2d 640 [3d Dept 1993], affd 84 NY2d 795 [1995]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 19, 2019
DEPUTY CLERK