Galloway v State of N.Y. (2021 NY Slip Op 02855)





Galloway v State of N.Y.


2021 NY Slip Op 02855


Decided on May 6, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 6, 2021

530409
[*1]Antoine Galloway, Appellant,
v
State of New York, Respondent.

Calendar Date:February 10, 2021

Before:Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Franzblau Dratch, PC, New York City (Brian M. Dratch of counsel), for appellant.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent.



Clark, J.
Appeal from a judgment of the Court of Claims (Debow, J.), entered September 23, 2019, upon a decision of the court in favor of defendant.
In October 2016, claimant commenced this action alleging that he incurred damages as a result of an incident in which several correction officers "intentional[ly] and malicious[ly]" beat him. Following joinder of issue and discovery, the Court of Claims conducted a bench trial solely on the issue of liability. At the close of claimant's case, defendant moved to dismiss the claim on the ground that claimant had failed to prove that the correction officers involved in the incident were acting within the scope of their employment. The Court of Claims reserved decision on the motion. At the close of its case, defendant renewed its motion to dismiss, and the Court of Claims once again reserved decision. Ultimately, by written decision, the Court of Claims dismissed the claim. Claimant appeals.
Initially, we must address the standard by which to view the Court of Claims' determination. In its written decision, the court did not make any factual findings or credibility determinations and, thus, "did not render a verdict in defendant's favor acting as a factfinder" (Butler v New York State Olympic Regional Dev. Auth., 292 AD2d 748, 750 [2002]). Rather, although the court did not state as much, it appears that the Court of Claims applied the standard used to resolve a motion pursuant to CPLR 4401 for judgment as a matter of law. Under that standard, dismissal of a claim is warranted if, upon viewing the evidence in the light most favorable to the nonmoving party and affording the nonmovant the benefit of every favorable inference, "there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; see Butler v New York State Olympic Regional Dev. Auth., 292 AD2d at 750). Here, the Court of Claims dismissed the claim based upon its legal conclusion that, even if it accepted claimant's version of events and theory of liability, defendant could not, as a matter of law, be held responsible for assault and battery under a theory of respondeat superior. Thus, inasmuch as the Court of Claims did not make any factual findings or credibility determinations and dismissed the claim based upon a legal conclusion reached after viewing the evidence in the light most favorable to claimant, the court, in effect, granted defendant's motion for dismissal of the claim as a matter of law (see Butler v New York State Olympic Regional Dev. Auth., 292 AD2d at 750).
Applying the appropriate standard, we do not agree with the Court of Claims that, "according to claimant's version of the facts and his asserted theory of liability, [defendant] cannot be held liable for the acts of its employees under the doctrine of respondeat superior." Under the common-law doctrine of respondeat superior, an employer may be vicariously liable for the tortious [*2]acts of an employee if the acts were committed in furtherance of the employer's business and the employee was acting within the scope of his or her employment (see Rivera v State of New York, 34 NY3d 383, 389 [2019]; N.X. v Cabrini Med. Ctr., 97 NY2d 247, 251 [2002]). "In determining whether an employee acted within the scope of employment for purposes of vicarious liability, [courts] consider, among other factors, 'the connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in actual practice; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated' (i.e., whether it was foreseeable)" (Rivera v State of New York, 34 NY3d at 389-390, quoting Riviello v Waldron, 47 NY2d 297, 303 [1979]).
At trial, claimant testified that he lodged a complaint under the Prison Rape Elimination Act against Brian Poupore, a correction officer at Clinton Correctional Facility, alleging that, in February 2016, Poupore squeezed his testicles during the course of a pat frisk. The evidence established that the complaint was received and investigated by Ronald Wood, a correction sergeant who served as Poupore's supervisor. Wood and Poupore each testified that, as part of the investigatory process, the correction officer who is the subject of a complaint must produce a memorandum regarding the incident. The record reflects that Poupore prepared a memorandum relating to claimant's complaint in late February 2016. Viewed in the light most favorable to claimant, Poupore's memorandum, together with testimony from Wood and Poupore, demonstrated that Poupore was aware in February 2016 that claimant made a complaint against him under the Prison Rape Elimination Act.
The evidence, including testimony from claimant and Wood, further demonstrated that, on March 27, 2016, claimant was directed over the facility's public address system to report downstairs for an interview. Wood testified that it was facility policy to pat frisk an inmate prior to an interview and that he directed Poupore to conduct claimant's pat frisk on the day in question.[FN1] Claimant testified that, as he descended the stairway to the interview location, he observed Poupore and other correction officers waiting for him. According to both claimant and Poupore, Poupore directed claimant to place his hands on the stairway's railing and assume the pat-frisk position. Claimant testified that Poupore then punched him on the left side of the head, after which he was pulled back and onto the floor where he was punched, kicked, stomped and hit with a baton by Poupore and certain other correction officers.[FN2]
It is clear from the evidence that the time, place and occasion factor is satisfied here. Indeed, the undisputed evidence demonstrated that the incident took place at Clinton Correctional [*3]Facility, that the correction officers involved were on duty and that claimant's encounter with Poupore by the stairway was occasioned by claimant having been called downstairs for an interview with Wood (see Rivera v State of New York, 34 NY3d at 390). As for the remaining factors, testimony from defendant's witnesses demonstrated that pat frisks are routinely conducted prior to inmate interviews and that Poupore was instructed to pat frisk claimant prior to his interview. Accepting claimant's version of events as true, Poupore struck claimant during the course of that employer-sanctioned pat frisk, which then led to the involvement of additional correction officers. If claimant's account is credited, Poupore's intentional tortious act of punching claimant in the head was not so divorced from the performance of his pat-frisk duties so as to preclude a finding that he was acting within the scope of employment. Nor can we conclude as a matter of law that the ensuing altercation was wholly outside the scope of the additional correction officers' duties. Although the parties' accounts differ as to who initiated the altercation, defendant's witnesses confirmed that several correction officers were involved in the incident and that claimant was struck repeatedly with a baton in the calf/ankle area. Moreover, given the evidence demonstrating that Poupore was aware that claimant had recently lodged a complaint against him under the Prison Rape Elimination Act, Poupore's alleged tortious actions could have reasonably been anticipated, such that he should not have been the officer directed to conduct claimant's pat frisk (compare Rivera v State of New York, 34 NY3d at 391).
In light of all of the foregoing, the Court of Claims should have denied defendant's motion pursuant to CPLR 4401 for dismissal of the claim as a matter of law and instead should have rendered a verdict in its capacity as the trier of fact. We therefore reverse the judgment and remit the matter for such purpose.
Lynch, J.P., and Aarons, J., concur.
Reynolds Fitzgerald, J. (dissenting).
We respectfully dissent.
The majority has determined that the Court of Claims did not act as a factfinder and instead rendered a verdict based upon the standard of proof utilized for a motion to dismiss. However, this is belied by the standard of proof enunciated by the Court of Claims that "it is claimant's burden to prove his claim by a preponderance of the credible evidence and the credibility of the witnesses at trial is a critical factor in the determination of whether claimant has met that burden." The Court of Claims determined that defendant cannot be held liable for the acts of its employees under the doctrine of respondeat superior, as claimant "argued that he was the subject of an unprovoked and unwarranted assault and battery." The court therefore concluded that "[c]laimant has failed to prove by a preponderance of the credible evidence that he was subjected to an assault and [*4]battery by defendant's agents while acting within the scope of their employment."
The majority spends a significant portion of its decision finding that the Court of Claims should have denied defendant's motion pursuant to CPLR 4401 and remits for further proceedings. However, the Court of Claims did in fact deny defendant's motion to dismiss stating, "Any motions not previously ruled upon are hereby denied." We believe that this Court is constrained to affirm the judgment based upon the finding in Rivera v State of New York (34 NY3d 383, 391 [2019]), rendered as part of a motion for summary judgment, that "the gratuitous and utterly unauthorized use of force [was] so egregious as to constitute a significant departure from the normal methods of performance of the duties of a correction officer as a matter of law." Here, claimant's claim, as well as his testimony, allege exactly that. Thus, although we find the result regrettable, we believe that we are mandated to follow Rivera (see Battle v State of New York, 257 AD2d 745, 747 [1999], lv denied 93 NY2d 805 [1999]).
Colangelo, J., concurs.
ORDERED that the judgment is reversed, on the law, without costs, and matter remitted to the Court of Claims for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Poupore confirmed, during his testimony, that he was directed to pat frisk claimant before the interview.

Footnote 2: Defendant's witnesses refuted claimant's account and asserted that claimant was the initial aggressor.